Mellon et al., Appellants, *v.* Ritz.

Argued September 28, 1938.   Before KEPHART, C. J.,
SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*M. H. Ewing,* with him *Moorhead & Knox,* for appellants.

*James P. McArdle,* for appellee.

Opinion by Mr. Justice Schaffer, December 5, 1938:

This is an appeal by plaintiffs from an order opening a judgment confessed against defendant in pursuance of a warrant of attorney in a lease. The amount of the judgment is $22,330.31.

Plaintiffs, as lessors, and defendant, as lessee, entered into a lease for a hotel property in Pittsburgh. The term of the lease was from November 2, 1925, to April 30, 1935. The rent provided by the lease varied from $1,050 a month to $1,416.67 a month. There were certain reductions made in the rental during the progress of the tenancy and at its expiration on April 30, 1935, defendant was indebted to plaintiffs in the sum of $54,362.32. By letter dated May 1, 1935, from plaintiffs, signed and accepted by defendant, it was agreed that the lease be extended for a period of three years from May 1, 1935, that the delinquent rent be reduced to $19,362.20 and that if the monthly rent for the extended period, which was reduced to $500, was paid on or before the twentieth of each month, a credit would be given defendant against delinquent rent, the credit to be $100 a month for the first two years of the extension and $200 a month for the last year. The letter contained this paragraph: "It is expressly understood that all rents and other amounts due under the original lease and amendments are a just and continuing debt of the Lessee as provided in said lease and all securities and penalties in connection therewith are still in force and effect."

On September 9, 1935, defendant relinquished possession of the premises. It is alleged by her that she had been evicted, by plaintiffs that she had surrendered the lease. She had paid the rent for the first five months of the three-year extension and there was due and payable

by her to plaintiffs under the original lease the principal sum of $18,862.20, for which sum, with interest and attorney's commission, plaintiffs, on September 11, 1935, caused judgment to be confessed. Defendant filed a petition to open the judgment, to which an answer was filed and depositions were taken. The court entered an order opening the judgment, from which plaintiffs have appealed.

The controversy centers in the construction of the paragraph in the letter heretofore quoted. It is contended in defendant's behalf that the original lease and the letter of May 1, 1935, when read together, do not authorize the entry of judgment until there is a default in the payments due under the three-year extension agreement. This was the construction adopted by the court below. With this we are unable to agree. The original lease provides: "If the rent or any other sums to be paid under this lease shall not be paid promptly *when due and payable,* any attorney may appear for Lessee in any Court having jurisdiction, and . . . may confess judgment against Lessee for the amount so owing." (Italics ours.) The lease contains the further provision that "every renewal or holding over shall be subject to all the provisions of this lease." It is manifest that the rent provided for in the original lease had not been paid "when due and payable." Under the extension agreement, "all rents and other amounts due under the original lease and amendments are a just and continuing debt of the Lessee as provided in said lease." Therefore, at the time the extension agreement was entered into and at the time the judgment was confessed there was an admitted just debt due by defendant to plaintiffs. This being so, under the express terms of the lease, judgment could be confessed for it. Furthermore, the extension agreement provided that "all securities and penalties in connection [with rents due under the original lease] are still in force and effect." One of these securities was the warrant of attorney. Bouvier's

Law Dictionary, 8th ed., page 3427, speaking of a "warrant of attorney" says: "This instrument is given to the creditor as a security" and Stroud's Judicial Dictionary, 2d ed., page 2213, states: "A warrant of attorney is a mode of giving a creditor security by his debtor authorizing the solicitor to confess judgment against the debtor for an amount agreed on."

Plaintiffs did not have to await default in payment of rent under the extension agreement before entering judgment. "In the absence of some restriction [in a judgment note] upon the right to enter judgment until some specific default, there is no reason why the judgment given as security in a fixed sum may not be made a matter of record, though no money was then payable": *Pacific Lumber Co. v. Rodd,* 287 Pa. 454, 459, 135 A. 122; *Integrity Ins., etc., Co. v. Rau,* 153 Pa. 488, 26 A. 220; *O'Maley v. Pugliese,* 272 Pa. 356, 116 A. 308; *Rohrbach v. Travelers Indemnity Co.,* 278 Pa. 74, 122 A. 217; *Harwood v. Bruhn,* 313 Pa. 337, 341, 170 A. 144.

The order opening the judgment is set aside at appellee's cost.