615 A.2d 84

**Emil B. KWASNIK, Sr. and Diane Kwasnik, H/W,**

**v.**

**Edna W. HAHN, Robert L. Hall, Thomas W. Dennis and Pappy B. Lady B., Inc., Now by Change of Name, Gaucho's Inc.**

**Appeal of Thomas W. DENNIS.**

Superior Court of Pennsylvania.

Argued July 14, 1992.

Filed Oct. 19, 1992.

182

Daniel P. Lyons, Stroudsburg, for appellant.

John J. Pentz, Stroudsburg, for appellee.

Before CIRILLO, POPOVICH and HOFFMAN, JJ.

POPOVICH, Judge:

This case involves an appeal from the December 11, 1991, order (reduced to judgment thereafter) granting a petition to reinstate a confessed judgment against the defendant/appellant, Thomas W. Dennis. We reverse.

The facts of record indicate that on December 16, 1985, the defendant, the only one of four obligors who has perfected the instant appeal, executed a "Bond and Warrant" in favor of the plaintiffs/appellees, Emil B. Kwasnik, Sr. and Diane Kwasnik, his wife. As is herein relevant, the "Bond and Warrant" reads:

### Know all Men by these Presents

**THAT** ... THOMAS W. DENNIS ... Debtor[ ] ... referred to as "Obligor" ... is held and firmly bound unto EMIL B. KWASNIK, SR. and DIANE KWASNIK, his wife ... (hereinafter called the Obligee), in the penal sum of $246,671.72—Dollars, to be paid to the Obligee, or certain attorney.

**The Condition of this Obligation is such,** That if the Obligor shall:

1. Pay unto Obligee the principal sum of $123,335.86—Dollars, ... with: (a) Interest at the rate of twelve (12%)—per cent, and....

2. Pay said principal sum as hereinafter set forth in the paragraph or paragraphs marked with an 'X':

/X/ In 240 monthly installments of amortized principal and interest in the amount of ... $1,358.03 each, commencing January 16, 1986.

\*     \*     \*     \*     \*     \*

3. With respect to the premises described in the Mortgage accompanying this Obligation:

(a) Maintain and deliver to Obligee ... insurance ...; and

(b) Pay all ... taxes ...;

(c) ...;

(d) Keep the improvements in good order and repair ...; and

(e) Make no change in record title of the premises ...;

(f) Comply with and fulfill all of the obligations and conditions

. . . .

Then the above Obligation to be void, or to remain in full force and effect.

If any one or more of the payments herein provided for is not paid in full for the space of thirty days after it falls due ... then the entire unpaid balance of the principal sum shall, at the option of Obligee and without notice, become immediately due and payable with all accrued interest thereon. . . .

**And Further,** Obligor hereby authorizes and empowers the Prothonotary, Clerk or any Attorney of any Court of record of the Commonwealth of Pennsylvania, or elsewhere to appear for Obligor and, with or without a declaration filed,[1] to confess or enter a judgment in the name of and against Obligor and in favor of Obligee, for the penal sum above mentioned with costs of suit, and a full release of all errors. And Obligor hereby waives and releases any benefit or advantage of any stay or setting aside of execution or other process, of all laws and rules now in force, or that may be enacted, adopted, or promulgated, exempting property either real or personal, or the proceeds thereof, from levy and

---

1. We note that the language "with or without a declaration filed" is a "relic of the ancient practice of entering all notes by amicable action prior to the Act of 1806. Since that act the prothonotary can enter a proper note without declaration though the note states 'after one or more declarations filed.' These words can be disregarded[.]" *Rose v. Cohen,* 193 Pa.Super. 454, 165 A.2d 264, 266–67 (1960) (Citations omitted).

sale under any execution that may be issued for the collection of the said judgment.

On January 30, 1991, the plaintiffs entered judgment on the "note" for the amount of $246,671.72. A rule was issued upon the plaintiffs to show cause why the defendant's petition to strike or open the confessed judgment should not be granted. In the petition, the defendant averred that, along with the judgment note, *a writ against the personal and real property of the obligor under the "Bond and Warrant" had been executed.*

Under the Motion to Strike portion of the petition, the defendant claimed that the "Bond and Warrant" required the occurrence of a default before the plaintiffs could accelerate the amount due, and the occurrence of such a default, not being ascertainable from the "Bond and Warrant", necessitated the filing of a complaint pursuant to Pa.R.Civ.P. 2951(c)(3). No such complaint having been filed, the judgment should have been stricken, so stated the defendant.

With regard to the Motion to Open section of the petition, the defendant alleged that the plaintiffs had "orally agreed" to allow him "to delay indefinitely" the reimbursement of two (2) months of delinquent payments owed since 1989.

Because there was a factual issue as to whether the "terms of the 'Bond and Warrant' " had been modified by oral agreement, the defendant argued that the confession of judgment should be opened and the writ of execution stayed. In response, the plaintiffs denied, *inter alia,* that "the confession of judgment was for alleged non-payment on a bond and warrant.... [Rather, the plaintiffs asserted that t]he confession [wa]s absolute and not conditioned on any default, and [the p]laintiffs were ... authorized to confess judgment at any time for the penal sum as provided in the confession." Paragraph 1.

The plaintiffs admitted permitting the defendant to delay payment, but they denied allowing the defendant "unlimited additional time" to repay the amount due. Id. at 6. Also, the plaintiffs, in New Matter, agreed that a Praecipe For Writ Of

Execution had been issued for levy upon the real and personal property of the defendant.[2]  Id. at 9.

The case was set for argument.  Counsel agreed the issue to be resolved was "whether ... the Petition to Strike and Open [wa]s subject to any condition of default in order for Plaintiffs to enter the confession for the penal sum, and [whether] ... the confession [wa]s correct[ ] under Rule 2951(a)."[3]  *STIPULATION* at 1.  Accord Defendant's Brief in Support of Motion to Strike or Open Confession of Judgment, wherein the defendant "concede[d] that plaintiffs['] confession of judgment should not be stricken" since "the confession of judgment clause d[id] not contain ... a condition" of default before allowing it to be entered.  Id. at 4.

The defendant contended that once the judgment was entered, however, he was not precluded from petitioning to have the judgment opened.  Id. at 4–5.  This procedure, according to the defendant, was sanctioned by Pa.R.Civ.P. 2959(e).

By order dated May 31, 1991, the court found that the "Bond and Warrant" was conditional and struck the judgment as violative of Pa.R.Civ.P. 2951(a).  The court held that the correct procedure required the presentment of a complaint, id. at 2951(b), which the plaintiffs did file thereafter as well as a praecipe to reissue the writ of execution.  The defendant reacted by filing a Petition to Strike the plaintiffs' confession of judgment on the ground that:

> The Confession of Judgment entered against Defendant Thomas W. Dennis on July 2, 1991 is null and void since the Warrant of Attorney in the bond date of December 8, 1985, was exhausted by Confession of Judgment filed against Defendant Thomas W. Dennis on January 30, 1990 and later struck by this Court....

**2.**  The amount listed under the Praecipe For Writ Of Execution was $130,694.66, and this included attorney's commission of $6,166.79. See Exhibit "B".

**3.**  The defendant's contention of whether there was a default or whether the plaintiffs had granted him an indefinite delay to repay were reserved for later determination if the court did not dismiss the confession of judgment as conditional.  See *STIPULATION* at 1–2.

Paragraph 7 (Citations omitted). An Answer with New Matter was filed by the plaintiffs denying the invalidity of the confession of judgment and sought reinstatement of the original judgment for the amount confessed.

Further, the plaintiffs filed a Petition to Re–Argue Striking of Judgment and to Re–Instate Confessed Judgment Against Thomas W. Dennis, wherein it was alleged in relevant part:

8. The Plaintiffs did not incorrectly proceed to enter judgment on the bond and warrant pursuant to Pa.R.C.P. 2951(a); the power of confession in the warrant is clear that the Plaintiffs were authorized to confess judgment for the penal amount, a sum certain appearing on the face of the note, and Plaintiffs were not authorized under the warrant to confess for the amount then due.

9. The comments to the Rule make it clear that the Rule does not change existing law, and the proper procedure on the confession in reference to the note in question was that followed by Plaintiffs. It is specifically provided in the notes to the Rule as follows:

"For collection of attorneys' fees under such a judgment see Rule 2957. If an instrument authorizes confession for a penal sum judgment may be entered in that amount."

10. There is no requirement under the Rules or existing case law which requires the amount of the confessed judgment, which is clear in the note, to be for an amount which is actually due and owing under the mortgage.

11. The confession for the penal sum as provided in the note is and has been a valid right and approved procedure under Pennsylvania law since the formation of the Commonwealth, and this is recognized in the notes to the Rule.

12. There is no law, nor any Pennsylvania cases which in any way limits the right to confess judgment for the penal sum.

13. In the last Brief of Attorney [for the defendant] he conceded that the judgment was correctly entered and therefore was not subject to being stricken.

\* \* \* \* \* \*

20. [The defendant] has filed his Petition to Strike the Confession of Judgment on the filed Complaint which was filed after the Order of this Court on May 31, 1991, citing the authority that a confession once used may never be used for a second confession.

21. The Court has authority to correct its Order Striking the Judgment Against [the defendant] and to re-instate the original confession of judgment, which is necessary for the equitable and just treatment of the Plaintiffs who are entitled to recover and collect the balance due on their Note and Mortgage which is and has been seriously in default for over one year.

WHEREFORE, Plaintiffs respectfully request the Court to reconsider the prior Petition of Defendant ... to Strike the original confessed judgment and its Order striking the confessed judgment against [the defendant], and to reinstate the original confession of judgment against [the defendant].

The defendant filed an Answer which denied those allegations, one of which averred that the "defendant still raise[d] the valid issue that [the] first confession of judgment should be opened." Paragraph 13. In a brief, the defendant argued that the initial confession of judgment on a warrant of attorney exhausted the subsequent (second) confession of judgment.

In rebuttal, the plaintiffs noted that the general proposition espoused by the defendant (that the warrant of attorney was exhausted upon its initial use) was correct. "However, [the plaintiffs offered that] when a confession is correct in reference to the procedure, but is *improperly* stricken by the Court, then the authority should not be exhausted." (Emphasis added)

In his brief in opposition to the plaintiffs' petition to reinstate the earlier confession of judgment, the defendant argued that, *inter alia,* "since there [we]re issues of fact"—oral extensions for payment of delinquent amounts owed—to be resolved, the petition to open should not be denied.

By order of court dated December 11, 1991, the plaintiffs' petition to reinstate their earlier confession of judgment was granted, but the court dismissed the defendant's petition to open "because the confession [wa]s not conditional." This appeal followed.

■ Initially, we hold that the court had the inherent power to "rescind" its earlier order granting the defendant's petition to strike for the plaintiffs' failure to comply with Rule 2951(b), even though the court's action exceeded the time-frame (thirty days) within which the "correction" could be made. See 42 Pa.C.S.A. § 5505. On this point, it has been stated that:

> Where equity demands, the power of the court to open and set aside its judgments may extend well beyond the term in which the judgment was entered. The Court in Hambleton v. Yocum, 108 Pa. 304 (1885), stated that "[o]rdinarily courts ... 'may open and set aside judgments not only after a term, but after years, governed only by the facts and equity of the case....' [O]ur Pennsylvania courts have full chancery powers to relieve against inequitable judgments.... [T]he power of the Common Pleas [court] to open its judgments is most ample, and the policy requiers [*sic*] its liberal use...." *Id.* at 309 ...

*Great American Credit Corp. v. Thomas Mini–Markets, Inc.*, 230 Pa.Super. 210, 326 A.2d 517, 519 (1974) (Footnotes omitted). Accord *State Farm Mut. Auto. Ins. Co. v. Allen*, 375 Pa.Super. 319, 544 A.2d 491, 493 n. 3 (1988).

On the strength of the remarks made by this Court in *Great American Credit Corp.*, supra, we rule that the inequity which would be visited upon the plaintiffs because of the lower court's erroneous grant of the defendant's petition to strike and using the earlier order as a vehicle by which to foreclose the use of the warrant of attorney a second time, justifies the measure of relief implemented by the court to avoid an inequitable result.

■ To elucidate, the face of the "Bond and Warrant" provides for the collection of a penal sum and a principal sum by the obligors/plaintiffs, the latter of which is triggered by

the obligor/defendant defaulting in any number of ways set forth in the document supra. On the other hand, the penal sum does not require any condition precedent to take effect in advance of the obligee/plaintiffs entering judgment on the note to maximize the collateral against which recoupment may be had upon default, which may take on as many forms as permitted by the parties to the agreement.[4] See *Rosenthal v. Richman*, 406 Pa. 149, 176 A.2d 426, 427 (1962) (Footnote omitted), wherein the Court wrote on this subject that:

> ... in the absence of a restriction or condition to the contrary, judgment may be entered upon a warrant of attorney accompanying a bond, before the debt becomes due, but execution cannot issue until default in payment ...:
>
> " * * * [J]udgment might be entered at once before any of the notes were due. The bond is, in terms, for immediate payment, though its subsequent provisions show that it is only to be collected upon a default on the notes; and the authority to confess judgment is immediate, though execution cannot issue until default.
>
> " * * * [A]s security, the creditor has a right to as large collateral, and as many different forms of it, as the parties chose to contract for. * * * [T]he creditor did nothing more than enter up his judgment on the bond, as part of the security agreed on. In so doing he was within his strict legal rights * * *."

Accord *Mellon v. Ritz*, 332 Pa. 97, 2 A.2d 699, 700 (1938); *Industrial Valley Bank & Trust Co. v. Lawrence Voluck*

---

**4.** The "Bond and Warrant" appears to contain the same "And further" language in the "warrant of attorney" paragraph referenced in the Dissenting Opinion of Justice Roberts in *Lebanon Valley National Bank v. Henning*, 436 Pa. 446, 260 A.2d 462 (1970) (Per Curiam). There, Justice Roberts attempted to convince the Majority of the Court that the "warrant of attorney" should be viewed as "conditional" so as to require the "averment of default" before confession of judgment could be entered. The Majority refused to endorse the position.

To the same effect, the "Bond and Warrant" here, with its "And further" prefatory language in the "Warrant of Attorney" discounts its conditional nature so as to dispense with the need to file a complaint pursuant to Pa.R.Civ.P. 2951(b). No such procedure had to be followed initially by the obligee/plaintiffs, as required by the lower court but rectified with the grant of the plaintiffs' Petition to Reinstate the Confession of Judgment.

*Associates, Inc.,* 285 Pa.Super. 499, 428 A.2d 156, 159–160 (1981); *General Electric Credit Corp. v. Slawek,* 269 Pa.Super. 171, 409 A.2d 420, 422 n. 4 (1979); *Triangle Building Supplies and Lumber Co. v. Zerman,* 242 Pa.Super. 315, 363 A.2d 1287, 1290–91 (1976).

Therefore, it was proper for the plaintiffs to exercise their rights under the "warrant of attorney" to confess judgment for the penal sum. No default had to be alleged prior to entering judgment on the note. Id.

When the plaintiffs secured a writ of execution to collect the penal sum,[5] the defendant could file a petition to open the judgment. Cf. *Citizens National Bank of Evans City v. Rosehill Cemetery Ass'n of Butler,* 218 Pa.Super. 366, 281 A.2d 73, 74 (1971). Hahn did so and asserted as a defense that the plaintiffs had agreed orally to "delay indefinitely" the time period in which his delinquent payments could be satisfied. This was a meritorious defense. See *STIPULATION,* supra; Defendant's Petition to Strike Off or Open Confessed Judgment at Paragraph 7; Defendant's Brief in Support of Judgment at 2 & 6; Defendant's Answer to Petition to Re–Argue Striking of Judgment and to Re–Instate Judgment Against Thomas W. Dennis at Paragraph 13; Defendant's Brief in Opposition to Plaintiffs' Petition to Reinstate Judgment at 6.

Inasmuch as a petition to open judgment is predicated upon the petitioner acting in a timely fashion and asserting a meritorious defense, see *D'Amore v. Erthal,* 421 Pa. 417, 219 A.2d 674 (1966); *Triangle Bldg. Supplies and Lumber Co.,* supra, we find that both elements have been satisfied by the

5. In actuality, the amount sought by way of the writ was a figure more closely aligned with the principal sum listed in the "Bond and Warrant". Nonetheless, regardless of what course the plaintiffs had pursued, to collect either the penal sum or principal sum, they would not be entitled to more than the amount of the default.

Although judgment could be entered for the penal sum without a default being pleaded, collection of the amount via the writ of execution required a default prior to entitlement to payment. See *Rosenthal v. Richman,* 406 Pa. 149, 176 A.2d 426, 427 (1962); *Industrial Valley Bank and Trust Co. v. Lawrence Voluck Associates, Inc.,* 285 Pa.Super. 499, 428 A.2d 156, 159–160 (1981).

defendant, especially with his contention that the plaintiffs allowed him an indefinite extension to pay his arrearages. Consequently, because the plaintiffs dispute this averment, we have a contested issue of fact going to the crux of the petition to open. As such, the court acted prematurely in denying the defendant's petition to open in the absence of either party complying with Pa.R.Civ.P. 209. Cf. *Ungate v. Passalacqua,* 418 Pa.Super. 12, 613 A.2d 6 (1992). To remedy the matter, we reverse and remand for compliance with Rule 209.[6]

Order reversed; jurisdiction is relinquished.

---

**6.** It needs to be mentioned that the lower court's dismissal of the defendant's petition to open on the ground that the "warrant of attorney" in the "Bond and Warrant" to collect the penal sum was not "conditional" is a more appropriate response to a motion to strike, which was not before the lower court at the time. See *Triangle Bldg. Supplies and Lumber Co. v. Zerman,* 242 Pa.Super. 315, 363 A.2d 1287 (1976). Therefore, the court's dismissal of the defendant's petition on the ground so stated was inappropriate as a basis to deny the petition to open.