746 A.2d 574

Gerald JACKSON, a/k/a Gerald Day, Charles S. Beaufort, Emmanuel Gardner, Anthony Sanders, a minor, by Alice SANDERS, his guardian, and William Respass, on behalf of themselves and all others similarly situated, Plaintiffs–Appellees,

v.

Edward J. HENDRICK, individually and as Superintendent of Philadelphia Prisons, et al., Defendants.

Appeal of City of Philadelphia, Defendant-Appellant.

Supreme Court of Pennsylvania.

Argued Oct. 18, 1999.

Decided Feb. 22, 2000.

Stephanie L. Franklin-Suber, Richard Feder, Marcia Berman, Philadelphia, for City of Philadelphia.

David Rudovsky, for Gerald Jackson, et al. and Edward J. Hendrick, et al.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO, NEWMAN and SAYLOR, JJ.

## OPINION ANNOUNCING THE JUDGMENT OF THE COURT

FLAHERTY, Chief Justice.

This is an appeal by allowance from an order of the commonwealth court which quashed an appeal for lack of jurisdiction. The factual background of the case is as follows.

On October 2, 1996, the Court of Common Pleas of Philadelphia County entered an order in which the City of Philadelphia, appellant, was held in contempt of the provisions of a consent decree governing the operation of its prison system. The decree regulates living conditions and services provided for inmates. A fine of $2,252,500 was imposed. The city filed a motion for reconsideration on October 25, 1996. To protect its appellate rights, the city also filed a notice of appeal to the commonwealth court on October 28, 1996.

On October 31, 1996, argument was heard on the motion for reconsideration. At the conclusion of that hearing, the trial court orally vacated the order of October 2 and took under consideration the motion for reconsideration. It stated

*We are today vacating our order and taking the petition for reconsideration under advisement for a period of 30 days,* and in the interim, we are urging the parties to resolve their disputes as best they can and to please inform us of any resolutions if they are forthcoming in that time.

(Emphasis added). A written version of this order was filed with the prothonotary on November 19, 1996. It differed from the oral order only with regard to the permanency of the vacatur, stating that the order of October 2, 1996 was being "vacated for a period of sixty (60) days pending reconsideration of said adjudication and order." Relying on the fact that the order of contempt had been vacated, the city withdrew its appeal on December 5, 1996. The city's hope of obtaining permanent relief from the finding of contempt was frustrated, however, when on March 11, 1997 the court reinstated its October 2, 1996 order and modified the accompanying fine only slightly, reducing it to $2,095,000. On March 13, 1997, the city filed an appeal challenging the orders of October 2, 1996 and March 11, 1997.

The commonwealth court quashed the appeal for lack of jurisdiction, having raised the jurisdictional issue *sua sponte*. Relying on 42 Pa.C.S. § 5505, which provides that a trial court can vacate an order "within thirty days after its entry," it held that the trial court's order of November 19, 1996 was null and void, in that it was entered more than thirty days after the

order that it purported to vacate, namely, that of October 2, 1996. Further, it rejected the city's argument that the October 2, 1996 order was in fact vacated on October 31, 1996, reasoning that the vacatur had no effect until it was filed with the prothonotary.

Not only was the November 19, 1996 order deemed untimely because more than thirty days had elapsed since entry of the October 2, 1996 order, but also because the city filed an appeal on October 28, 1996. Filing an appeal normally divests the trial court of jurisdiction to proceed. Pa.R.A.P. 1701(a) ("Except as otherwise prescribed by these rules, after an appeal is taken ... the trial court ... may no longer proceed further in the matter.") Exceptions to that rule are enumerated in Pa.R.A.P. 1701(b). The commonwealth court held that none of the exceptions were met, focusing primarily on the exception set forth in subsection (b)(3). That subsection allows for a grant of reconsideration after an appeal has been taken, but only if the application therefor is timely filed and the "order expressly granting reconsideration of such prior order is *filed* in the trial court ... within the time prescribed by these rules for the filing of a notice of appeal...." (Emphasis added). Because the order granting reconsideration was not filed until November 19, 1996, beyond the thirty day period for filing a notice of appeal, it was deemed to have been entered after jurisdiction lapsed. The trial court's order of March 11, 1997 modifying the fine imposed by the October 2, 1996 order was likewise deemed a nullity, on the basis that it too was entered after jurisdiction expired. The commonwealth court held, therefore, that the October 2, 1996 order remained in effect, and, because the city's present appeal was not filed until March 13, 1997, more than thirty days after the contested order, there was no order from which the city could timely appeal. Accordingly, the appeal was quashed.

We do not agree that where a court unequivocally vacates its previous order and takes the petition for reconsideration under advisement within the thirty day period allowed by 42 Pa.C.S. § 5505, the order becomes a nullity if it is not filed with the prothonotary in that same time period. In some

instances, oral orders, made on the record, need not be filed or entered on the docket in order to be valid. See generally *Pennsylvania Dental Ass'n v. Commonwealth Insurance Dep't,* 512 Pa. 217, 230–32, 516 A.2d 647, 653–55 (1986); *Altemose Construction Co. v. Building & Construction Trades Council,* 449 Pa. 194, 200 n. 6, 296 A.2d 504, 508–09 n. 6 (1972) (plurality opinion), cert. denied, 411 U.S. 932, 93 S.Ct. 1901, 36 L.Ed.2d 392 (1973); *Sovereign Bank v. Harper,* 449 Pa.Super. 578, 595–96, 674 A.2d 1085, 1094 (1996), appeal denied, 546 Pa. 695, 687 A.2d 379 (1996).

Section 5505 contains no requirement that makes the effectiveness of an order dependent on its being filed. It provides:

> Except as otherwise provided or prescribed by law, a court upon notice to the parties *may modify or rescind any order within 30 days after its entry,* notwithstanding the prior termination of any term of court, *if no appeal from such order has been taken* or allowed.

(Emphasis added).

Under this provision, were it not for the fact that the city filed an appeal on October 28, 1996, the order of October 2, 1996 could without question have been vacated on October 31, 1996. Once the appeal was filed, however, Pa.R.A.P. 1701 became operative, and, as described supra, this triggered a requirement that any order granting reconsideration be filed with the prothonotary. There is no indication in the record as to the reason that such an order was not filed until November 19, 1996.

■ The city contends that, by withdrawing its appeal on December 5, 1996, it acted in good faith reliance on the trial court's representation that the order holding it in contempt was vacated as of October 31, 1996, which was within the allowable thirty day period. Had the city not withdrawn that appeal, there would have been no question as to timeliness, and the commonwealth court would not have quashed the appeal. It is argued that equitable considerations require that the city's appellate rights not have been forfeited through the circumstance that there was no written order granting recon-

sideration filed with the prothonotary within thirty days of October 2, 1996. We agree.

Courts have modified and rescinded orders beyond the normal time limits and taken other corrective measures in cases where it would have been inequitable for parties to suffer consequences of the court's errors. As we stated in *Davis v. Commonwealth Trust Co.*, 335 Pa. 387, 390–91, 7 A.2d 3, 5 (1939), "[t]he power of courts to correct their own judgment is inherent...." In *Great American Credit v. Thomas Mini–Markets*, 230 Pa.Super. 210, 326 A.2d 517 (1974), for example, the trial court vacated an order granting a motion for summary judgment almost five months after it was entered, where the motion had been granted through the court's own error. In upholding that action, the superior court noted, "[w]here equity demands, the power of the court to open and set aside its judgments may extend well beyond the term in which the judgment was entered." *Id.* at 213, 326 A.2d at 519. Accord *Hambleton v. Yocum*, 108 Pa. 304, 309 (1885) (equity powers of courts of common pleas with regard to their own records and judgments); *Kwasnik v. Hahn*, 419 Pa.Super. 180, 188, 615 A.2d 84, 88–89 (1992) (trial court properly entered an out-of-time order rescinding an erroneous order, to avoid an inequitable result). See also *Corace v. Balint*, 418 Pa. 262, 276 n. 8, 210 A.2d 882, 889 n. 8 (1965) (where appeal was discontinued after the decree challenged on appeal was improperly rescinded, fairness required that the discontinuance be deemed withdrawn so that the appeal would be timely). Hence, equity enjoys flexibility to correct court errors that would produce unfair results.

In this case, the trial court's on-the-record declaration at the conclusion of the hearing on the motion for reconsideration could not have been more clear. It informed the parties that "[w]e are today vacating our order and taking the petition for reconsideration under advisement...." The city was entitled to rely on the court's representation that the order was in fact being vacated. By withdrawing the appeal, the city acted in reasonable reliance on that representation. To ignore that reliance would produce an inequitable result.

Appellees note that, if the city had checked the docket before withdrawing its appeal to confirm that an order granting reconsideration had in fact been timely filed, it could have avoided reliance on the trial court's statement. Nevertheless, we are not persuaded that this renders the city's reliance on the court's unambiguous statement to be unreasonable. Indeed, litigants must be able to rely on representations made by the court, and it would be inequitable and detrimental to the functioning of the judicial system if such on-the-record representations could not be trusted. The efficient resolution of disputes requires that litigants be able to rely on oral representations and orders of court, rather than be forced to treat such matters as merely tentative and unreliable while awaiting the filing of written orders.

Here, even the appellees concede that, "[w]e recognize the fairness inherent in the equitable principles that the city invokes and we further recognize the city's apparent reliance on the trial court's statement of October 31." * To penalize the city, through forfeiture of its appellate rights, as a result of the trial court's failure to timely enter the October 31 oral vacatur on the docket cannot equitably be sustained.

Accordingly, the order of the commonwealth court quashing the city's appeal for lack of jurisdiction is vacated, and the case is remanded for consideration of the merits of the city's appeal.

Justice ZAPPALA files a concurring opinion which is joined by Justice CAPPY and Justice CASTILLE.

Justice NIGRO concurs in the result.

ZAPPALA, Justice, concurring.

I join in vacating the order quashing the City's appeal and remanding this matter to the Commonwealth Court for disposition of the appeal on the merits. However, rather than

---

* It is asserted by appellees that the city's motion for reconsideration included a waiver of various appellate issues. The issue *sub judice* is that of jurisdiction, however, not waiver of individual appellate issues. Whatever waiver arguments appellees can offer are more properly addressed to the commonwealth court, where the merits of the city's challenge to the order holding it in contempt will be addressed.

basing the decision on broad equitable principles, I would resolve the matter within the framework of the Rules of Appellate Procedure.

This case arises out of a consent decree governing the operation of Philadelphia's prisons. On October 2, 1996, the common pleas court entered an order holding the City in contempt and imposing a fine of $2,252,500. On October 25th, the City filed a motion for reconsideration. Three days later, it filed a notice of appeal. The common pleas court heard argument on the motion for reconsideration on October 31st, and at the conclusion of the hearing stated "We are today vacating our order and taking the petition for reconsideration under advisement for a period of 30 days...." On November 19th, the court entered a written order stating that the order of October 2, 1996 was "vacated for a period of sixty (60) days pending reconsideration of said adjudication and order." On December 5th, the City withdrew its appeal. On March 11, 1997, however, the common pleas court reinstated the original finding of contempt, although it reduced the fine slightly. The City filed another notice of appeal.

Commonwealth Court sua sponte quashed the appeal and reinstated the order of October 2nd. The court held that the October 31st oral order was of no effect because it was not entered on the docket, and the November 19th order was of no effect because it was entered more than thirty days after the order it purported to vacate. Since no order granting reconsideration had been properly entered, the court's order of March 11, 1997, was a nullity, and thus the attempted appeal from that order was quashed.

Section 5505 of the Judicial Code authorizes a trial court to modify an order within thirty days, but by its terms only applies when no appeal has been taken. Pa.R.A.P. 1701 becomes operative when an appeal has been taken, and establishes the premise that the very taking of the appeal removes the case beyond the authority of the trial court to act, with several exceptions. The exception at issue here, contained in Rule 1701(b)(3), authorizes the trial court to grant reconsideration of the order that is the subject of the appeal, and

establishes certain conditions for the exercise of that authority. The first condition is the timely filing of an application for reconsideration. The second condition is that "an order expressly granting reconsideration ... [be] filed in the trial court ... within the time prescribed by these rules for the filing of a notice of appeal...." The rule goes on to explain the effect when these conditions are satisfied: the notice of appeal is "rendered inoperative". The rule further states that "the petitioning party shall and any party may file a praecipe with the prothonotary of any court where such an inoperative notice ... is filed or docketed and the prothonotary shall note on the docket that such notice ... has been stricken under this rule."

The problem in this case arises from the fact that both the City and the common pleas court made procedural errors in the steps they took, making it difficult to recognize whether the requirements of Rule 1701(b)(3)(ii) were met. The ultimate question we must decide is whether the City's procedural missteps are necessarily fatal to its appeal, particularly in light of the trial court's errors.

The common pleas court's first error was in the language used at the hearing on the City's petition for reconsideration. The court stated, "We are today vacating our order and *taking the petition for reconsideration under advisement* for a period of 30 days." (Emphasis added.) By itself, the emphasized language does not "expressly grant reconsideration." Rather, it indicates only that the court is reserving judgment *on the request that it reconsider* its original order. This is significantly different from stating that it *will reconsider* the original order and reserving judgment on whether it will reaffirm that order or enter a different order.

Notwithstanding this imprecise use of language where precision is especially called for, there are two indications in the record that the court understood its action as in fact granting the City's petition for reconsideration. First, the statement that the court was "taking the petition for reconsideration under advisement" did not appear in isolation. The court began by stating that it was vacating its original order.

Pursuant to Pa.R.A.P. 1701, a court does not generally have authority to vacate an order once a notice of appeal has been filed. A decision to grant reconsideration, however, has the effect of vacating the original order; until the court enters its decision on reconsideration, the status of the case is as if no order had been entered. Second, the order the court entered on March 11, 1997, differed from the original order of October 2, 1996, reducing the fine by about $160,000. If the court were only making the preliminary inquiry of whether or not it should embark on considering the matter again, it would not have made a different ruling on the merits. Thus we may conclude that by simultaneously stating that it was vacating its order and taking the petition for reconsideration under advisement, the court believed it was "expressly granting reconsideration" in accordance with Pa.R.A.P. 1701(b)(3).

The court's second error was in not immediately having its order entered on the docket. It was not until November 19, 1996, that the court had the prothonotary docket a written order stating that the order of October 2, 1996 was "vacated for a period of sixty (60) days pending reconsideration of said adjudication and order." [1] Commonwealth Court held that the November 19th order was of no effect because (1) it was entered more than thirty days after the order it purported to vacate, contrary to 42 Pa.C.S. § 5505, and (2) it was entered beyond the time prescribed for filing a notice of appeal, contrary to Pa.R.A.P. 1701(b)(3).

As previously noted, Section 5505 applies only where no appeal has been taken. Accordingly, in this case, since a notice of appeal from the October 2nd order was filed on October 28th, Section 5505 does not enter into the analysis of the effect, if any, of the common pleas court's written order of November 19th. Only Pa.R.A.P. 1701(b)(3) is implicated in that analysis.[2]

1. This language is more nearly an "express grant of reconsideration" as required by Rule 1701(b)(3) than was the order in open court on October 31, 1996, although a simple statement that reconsideration is granted is to be preferred.

2. The lead opinion cites several cases for the proposition that courts have modified and rescinded orders beyond the normal time limits

This appeal, then, involves interpretation of two aspects of Rule 1701(b)(3). The first is whether an order delivered in open court can satisfy the condition of subsection (ii) that an order expressly granting reconsideration be *"filed* in the trial court ... within the time prescribed ... for filing a notice of appeal." (Emphasis added.) If it can, under the interpretation of the court's statement above, reconsideration was timely granted on October 31st when the court orally vacated its order and took the matter under advisement, and the City properly appealed from the order of March 11, 1997. If it cannot, the second issue, which directly implicates the question of timeliness, comes to the fore: whether the requirement of subsection (ii) that the order expressly granting reconsideration be "filed in the trial court ... *within the time prescribed ... for filing a notice of appeal"* (emphasis added), states a time limit that is jurisdictional and thus not subject to extension.

As to the first question, I would hold that an order placed on the record in open court expressly granting reconsideration can satisfy the "filing" requirement of Rule 1701(b)(3)(ii).[3] Pa.R.A.P. 108, which speaks to the entry dates of orders, controls in this regard. Rule 108(a)(1) establishes the "general rule" that, "Except as otherwise prescribed in this rule, in computing any period of time under these rules involving the date of entry of an order by a court ... the day of entry shall be the day the clerk ... mails or delivers copies of the order

where it would have been inequitable for parties to suffer the consequences of the court's errors. See Opinion Announcing the Judgment of the Court at 5–6. In none of those cases, however, had an appeal been taken at the time the common pleas court attempted to alter its initial order. Because they relate more to a court's inherent authority vis a vis the time specified in Section 5505 (or in earlier days beyond the term of court), they shed no light on the issue here.

3. It should first be noted that the use of the term "filed" is itself misleading. Elsewhere in the rules the term "enter" is employed to refer to the action of a court, see Pa.R.A.P. 108, "filing" being used to designate the actions of a party, see Pa.R.A.P. 121. In fact, the second paragraph of (b)(3) uses the term "entered" in explaining the effect of the grant of reconsideration ("When a timely order of reconsideration is entered under this paragraph the time for filing a notice of appeal begins to run anew after the entry of the decision on reconsideration ....")

to the parties...." Subsection (b) states one of the exceptions referred to in the opening clause, that in a matter subject to the Rules of Civil Procedure, the date of entry of an order "shall be the day on which the clerk makes the notation in the docket that notice of entry of the order has been given as required by Pa.R.Civ.P. 236(b)."

It cannot be overlooked, however, that Pa. R.A.P. 108(a)(1) also states that "The day of entry of an order *may be the day of its adoption by the court* ... or any subsequent day, *as required by the actual circumstances.*" (Emphasis added). As I read it, despite its placement in subsection (a), this qualification applies not only with respect to the general rule["day of entry" equals "day of mailing"] but also to the exception for civil orders ["day of entry" equals "day of docket notation that notice has been given"]. In this case, I believe that the actual circumstances, i.e., the apparent reliance of the parties and the court, require that the "day of entry" of the order granting reconsideration be the day of its adoption by the court, i.e., October 31st, at the hearing on the City's petition for reconsideration. I note additionally that this interpretation is consistent with Pa.R.A.P. 105(a) ("These rules shall be liberally construed to secure the just, speedy and inexpensive determination of every matter to which they are applicable.... [A]n appellate court may ... disregard the requirements or provisions of any of these rules in a particular case ... on its own motion. and may order proceedings in accordance with its direction.")

In the alternative, if the October 31st oral order is not interpreted as a properly "filed" order expressly granting reconsideration under Rule 1701(b)(3)(ii), I would hold that the written order entered on the docket on November 19th should be given effect. Again, Pa.R.A.P. 105 states that the rules of appellate procedure shall be liberally construed. Rule 105(b) provides that an appellate court "may permit an act to be done after the expiration of such time [as prescribed by the rules or the court's order], but the court may not enlarge the time for filing a notice of appeal, a petition for allowance of appeal, a petition for permission to appeal, or a petition for review."

Here, the question is whether the trial court should have been "permitted" (after the fact) to enter an order granting reconsideration on November 19th. Although the time period in Rule 1701(b)(3)(ii) is stated in terms of "the time prescribed by these rules for the filing of a notice of appeal or petition for review," this is a descriptive reference only. In other words, the rule establishes that the time frame for the court to grant reconsideration is the same time frame as a party has for filing a notice of appeal. Extending the time for *the court* to act, however, would not be extending the time for filing a notice of appeal in violation of Rule 105(b).

Since I would hold that either the October 31st or the November 19th order was an order granting reconsideration under Rule 1701(b)(3)(ii), the trial court's order of March 11, 1997, constitutes the final order and the City's appeal filed on March 13th would be timely.

In addition to analyzing the effects of the trial court's errors, I must also comment on the City's failure to follow the rules. As previously indicated, Rule 1701(b)(3) provides that after reconsideration has been granted, a notice of appeal is inoperative, "the petitioning party shall ... file a praecipe with the prothonotary of any court in which such an inoperative notice ... is filed or docketed and the prothonotary shall note on the docket that such notice ... has been stricken under this rule." The City, however, *withdrew* its appeal to Commonwealth Court on December 5, 1996. Had the City followed Rule 1701(b)(3) and praeciped the prothonotary of the common pleas court to strike the notice of appeal and/or the prothonotary of the Commonwealth Court to strike the appeal that had been docketed, specifying that the court had granted reconsideration under the Rule, the question of whether a valid order granting reconsideration had been entered might have come to the attention of the parties and the courts *before the appeal was terminated.*

Notwithstanding that the City contributed to the difficulties, I attribute greater significance to the errors of the court and, according to the reasoning stated, would hold that, consistent with the Rules of Appellate Procedure, the City's appeal can

and should be decided on the merits rather than being quashed.

Justices CAPPY and CASTILLE join this Concurring Opinion.