J-S39033-16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| MARY J. CHURLICK, EXECUTRIX OF THE ESTATE OF MARY J. YOHN, DECEASED, | : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | : : | |
| v. | : : | |
| MANOR CARE OF CARLISLE PA, LLC, D/B/A , MANORCARE HEALTH SERVICE, CARLISLE, AND HCR MANOR CARE, INCL, MANORCARE INC., HCR HEALTHCARE LLC, HCR HEALTHCARE II, III, AND IV, LLC, | : : : : : : : | |
| Appellants | : | No.  1108 MDA 2015 |

Appeal from the Order Entered September 6, 2013
in the Court of Common Pleas of Cumberland County,
Civil Division, at No(s): 12-7476

BEFORE:    STABILE, PLATT,* and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:                **FILED JUNE 28, 2016**

Manor Care of Carlisle PA, LLC, d/b/a Manorcare Health Service,
Carlisle, and HCR Manor Care, Inc., Manorcare Inc., HCR Healthcare, LLC,
HCR Healthcare II, III, and IV, LLC (Appellants) appeal from the order
entered on September 6, 2013,[1] which overruled their preliminary objections
in the nature of a motion to compel arbitration.  Upon review, we affirm.

---

[1] Appellants purport to appeal from the order entered on June 18, 2015,
which denied their motion for reconsideration.  It is well-settled that
"[d]enial of reconsideration is not subject to appellate review." ***Erie Ins.
Exchange v. Larrimore***, 987 A.2d 732, 743 (Pa. Super. 2009).  However,
based upon the unusual procedural history of this case, this appeal is timely.

*Retired Senior Judge assigned to the Superior Court.

The trial court summarized the factual and procedural history of this case as follows.

On December 13, 2012, [Appellee] Mary J. Churlick, in her capacity as Executrix of the Estate of Mary J. Yohn (hereinafter the "Decedent"), filed a complaint against [Appellants] in the above-captioned matter. The complaint contains claims which sound in negligence and negligence *per se*, as well as claims under the Survivor Statute, 42 Pa.C.S. § 8302, and the Wrongful Death Statute, 42 Pa.C.S. § 8301. The crux of [Appellee's] complaint is that [Appellants] operated Manor Care Health

On September 6, 2013, the trial court overruled Appellants' preliminary objection in the nature of a motion to compel arbitration. That order was an appealable order. ***See Taylor v. Extendicare***, 113 A.3d 317 n.1 (Pa. Super. 2015) ("In ***Midomo Co. v. Presbyterian Hous. Dev. Co.***, 739 A.2d 180, 183 (Pa. Super. 1999), this Court noted that Pa.R.A.P. 311(a)(8) permits an interlocutory appeal from any order that is made appealable by statute. The Uniform Arbitration Act, 42 Pa.C.S. §§ 7301 *et seq.*, provides that an appeal may be taken from '[a] court order denying an application to compel arbitration....' 42 Pa.C.S. § 7320(a)(1).").

On September 24, 2013, Appellants filed a motion for reconsideration of that order. On October 4, 2013, the trial court vacated the September 6, 2013 order pending a ruling on the motion for reconsideration, which it took under advisement. On October 7, 2013, Appellants filed a notice of appeal to this Court. By order entered on November 1, 2013, this Court dismissed that appeal concluding that the October 4, 2013 order was an order "expressly granting consideration" consistent with ***Jackson v. Hendrick***, 746 A.2d 574, 579 (Pa. 2000) (holding that where the trial court simultaneously vacates its order and takes a motion for consideration under advisement, it was "expressly granting reconsideration"). Order, 1812 MDA 2013, filed on 11/1/2013.

Nothing further happened in this case until 2015, when new counsel for Appellee entered an appearance. Thereafter, on June 18, 2015, the trial court entered an order denying the motion for reconsideration that it had taken under advisement previously. The denial of reconsideration is essentially the reinstatement of the September 6, 2013 order overruling Appellants' preliminary objection. Because Appellants filed their notice of appeal within 30 days of the June 18, 2015 order, this appeal is timely. We have amended the caption accordingly.

Services - Carlisle (hereinafter "Manor Care Carlisle") in a manner which emphasized maximizing profits at the expense of providing quality care to its residents, including the Decedent.

\*\*\*

In response to the complaint, preliminary objections of Appellants to Appellee's complaint [] were filed on January 7, 2013, seeking to enforce the arbitration agreement which was signed upon the Decedent's admission to Manor Care Carlisle. The arbitration agreement was not signed by the [Decedent] herself, but by [Appellee, the Decedent's daughter,] who acted under a power of attorney.

In an order dated September 6, 2013, th[e trial court] overruled [Appellants'] preliminary objections seeking to enforce the arbitration agreement.

Trial Court Opinion, 9/25/2015, at 1-2.

Appellants filed a notice of appeal. Both Appellants and the trial court complied with Pa.R.A.P. 1925.

Appellants, Appellee, and the trial court all agree that this case is governed by this Court's ruling in **Taylor v. Extendicare**, 113 A.3d 317 (Pa. Super. 2015), *appeal granted*, 122 A.3d 1036 (Pa. 2015). **See** Trial Court Opinion, 9/25/2015, at 3; Appellants' Brief at 10; Appellee's Brief at 3. In **Taylor**, a panel of this Court held that "the wrongful death beneficiaries' constitutional right to a jury trial and the state's interest in litigating wrongful death and survival claims together require that they all proceed in court rather than arbitration." 113 A.3d at 328. Accordingly, we affirm the order of the trial court overruling Appellants' preliminary objection in the

nature of a motion to compel arbitration, which kept both the wrongful death and survival actions in court to be litigated.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary


Date: 6/28/2016