J-S81039-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| TRACY L. KAUFFMAN | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ROBERT W. KAUFFMAN | : | |
| | : | |
| Appellant | : | No. 1255 MDA 2018 |

Appeal from the Order Entered July 18, 2018
In the Court of Common Pleas of Mifflin County Domestic Relations at
No(s):  PACSES: 834114692,
SPA 00124-2014

BEFORE:   STABILE, J., DUBOW, J., and STEVENS*, P.J.E.

MEMORANDUM BY STEVENS, P.J.E.:          **FILED FEBRUARY 19, 2019**

Robert W. Kauffman ("Husband") appeals from the order entered by the
Court of Common Pleas of Mifflin County entered July 18, 2018.  After careful
review, we vacate the order and remand for the entry of a corrected final
support order that reflects the lower court's most recent determination of
Wife's monthly net earning capacity.

Husband and Tracy L. Kauffman ("Wife") were married on September 2,
2001 and separated on March 14, 2014.  The parties have one minor son
together.  Husband, born in 1965, is employed by Jersey Shore Steel
Company.  Wife, born in 1973, owns and operates her own hair salon.

On June 10, 2014, Wife filed a complaint for support.  On July 2, 2014,
the lower court directed the Mifflin County Domestic Relations Office (DRO) to
calculate Husband's support obligations based on its findings that Husband's

_____

*   Former Justice specially assigned to the Superior Court.

monthly net income was $5,285.94 and Wife's monthly net income was $1,312.57. After Husband appealed this determination for a *de novo* hearing, the lower court entered an order on September 30, 2014, in which it revised its calculation of Wife's monthly net income to $2,150.00 based on its finding that "large discrepancies existed in [Wife's] sales and hours worked as indicated in her appointment book." Trial Court Opinion, 8/22/18, at 1. Wife did not challenge this revised calculation but denied any wrongdoing.

In October 2017, Wife sought modification of the support order. Based on Wife's reported income on her 2016 tax return, Wife's monthly net income calculation was reduced to $770.47.[1] *See* Order, 6/4/18, at 3. Both parties sought a *de novo* hearing, which was held on April 26, 2018. In an order dated May 30, 2018 and docketed June 4, 2018, the lower court found Wife "failed to show any significant changes in her health, life, or business over the past four years which would warrant her current lowered net income of $770.47 per month." Order, 6/4/18, at 2-3. Thus, the lower court directed the DRO to enter a Support Order that reflected Wife's monthly net income of $2,150.00, as was previously determined in its September 30, 2014 support order. On June 7, 2018, the DRO entered an order calculating Husband's respective support obligations based on Wife's monthly net income of $2,150.00.

---

[1] The record does not contain an order in which Wife's income was reduced to $770.47. We glean this fact from other docket entries and the lower court's subsequent orders.

J-S81039-18

On June 7, 2018, Wife sought reconsideration of the increased calculation of her monthly net income. In an order dated June 29, 2018 and docketed July 11, 2018, the lower court granted reconsideration, finding Wife's earning capacity to be $1,520.00, "given [Wife's] occupation and the potential monthly fluctuation in business such a profession brings." Order, 7/11/18, at 3.[2] The lower court directed the DRO to recalculate Husband's support obligations reflecting "a monthly earning capacity of $1,520.00 for [Wife] in this matter." Order, 7/11/18, at 3.

However, on July 18, 2018, the DRO entered a support order, employing the outdated figure of $2,150.00 for Wife's monthly net income to calculate

_____

[2] We note that the lower court had jurisdiction to grant Wife's motion for reconsideration. It is well-established that "a court upon notice to the parties may modify or rescind any order within 30 days after its entry ... if no appeal from such an order has been taken or allowed." 42 Pa.C.S.A. § 5505. However, "[i]f the trial court fails to grant reconsideration expressly within the prescribed 30 days, it loses the power to act upon both the motion and the original order. **PNC Bank, N.A. v. Unknown Heirs**, 929 A.2d 219, 226 (Pa.Super. 2007) (citations omitted).

In this case, Wife timely filed a motion for reconsideration of the June 7, 2018 support order. In an order dated June 29, 2018, the lower court granted reconsideration of the contested order within the thirty-day period set forth under Section 5505. The fact that the lower court's order was not docketed until July 11, 2018 does not affect our analysis; our courts have noted that "[s]ection 5505 contains no requirement that makes the effectiveness of an order dependent on its being filed." **PNC Bank**, **N.A.**, 929 A.2d at 227 (quoting **Jackson v. Hendrick**, 560 Pa. 468, 746 A.2d 574 (2000) (*plurality*)).

Although there is no explanation on why the lower court's June 29, 2018 order was filed twelve days after it was signed, the order unequivocally granted Wife's motion for reconsideration and modified its determination of Wife's monthly income for the purposes of determining Husband's support obligations during the 30-day period.

- 3 -

Husband's support obligations. On July 26, 2018, Husband purported to appeal from the lower court's July 11, 2018 order.

Husband raises the following issue in his appellate brief:

Did the lower court err in its determination that [Wife] had an earning capacity of $1,520.00 per month when there was a previous determination on September 30, 2014 that [Wife] had an earning capacity of $2,150.00 per month and there was no evidence that there was any significant change in [Wife's] health, life or business over the previous four years?

Husband's Brief, at 4.

While Husband argues that the lower court erred in determining that Wife's monthly earning capacity should be set at $1,520.00, Husband failed to recognize that the DRO never specifically followed the lower court's July 11, 2018 order to recalculate Husband's support obligations based on this figure. The final support order entered in this case on July 18, 2018 does not reflect the most recent calculation of Wife's monthly net earning capacity; it appears that the DRO made a clerical error by using the outdated figure of $2,150.00 for Wife's monthly earning capacity. Given this breakdown in court processes,[3] we vacate the July 18, 2018 support order and remand for the entry of a final support order that reflects the lower court's most recent calculation of Wife's monthly net earning capacity.[4]

_____

[3] *See Commownealth v. Braykovich*, 664 A.2d 133, 136 (Pa.Super. 1995) (emphasizing that "appellate courts retain the power to grant relief from the effects of a breakdown in the court system").

[4] We will not address the merits of Husband's arguments, which are not ripe for our review.

Order vacated.  Remand for the entry of a final support order consistent with the lower court's July 11, 2018 order.  Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/19/2019