488 A.2d 333

## CITY OF PITTSBURGH

v.

## ALLEGHENY COUNTY DISTRIBUTORS, INC., S.C. Hamilton, President of Allegheny County Distributors Inc. and Harley-Davidson, Inc. Successors to Allegheny County Distributors, Inc.

### Appeal of PITTSBURGH HARLEY–DAVIDSON, INC.

Superior Court of Pennsylvania.

Argued Dec. 5, 1984.

Filed Feb. 15, 1985.

Robert Federline, Pittsburgh, for appellant.

Kellen McClendon, Pittsburgh, for appellees.

Before CIRILLO, TAMILIA and MONTGOMERY, JJ.

CIRILLO, Judge:

This is an appeal by appellant, Pittsburgh Harley-Davidson, Inc., from an order of the Court of Common Pleas of Allegheny County refusing to open a confessed judgment. We affirm.

Early in 1957, Allegheny County Distributors, Inc. (ACDI) entered into a written month-to-month lease agreement with the City of Pittsburgh, for the use and possession of certain real property. Among the terms of the lease were: a confession of judgment and warrant of attorney clause; a provision for thirty days' notice to vacate; and a clause providing that:

All rights and liabilities herein given to or imposed upon either of the parties hereto, shall extend to the heirs, executors, administrators, successors and assigns of each party. If the Tenant lawfully occupies the premises after the end of the term, this Lease and all its terms, provisions, conditions, covenants, *confession, or confession of judgment,* waivers, remedies, and any and all of Lessor's rights herein especially given and agreed

to, shall be in force for another month and so on from month to month as long as the relation of Landlord and Tenant continues. (Emphasis added).

In 1975, ACDI changed its name to Pittsburgh Harley-Davidson, Inc. (PHDI). The name change was effectuated for better advertising and identification of appellant's business. In the words of the president of PHDI: "It is the same company under a different name ... same officers, same location, same store, same dealership."

The circumstances giving rise to the instant action began in March, 1983, when the City gave PHDI notice that the lease was terminated and requested that the property be vacated. Approximately two months later, the property not having been vacated, the City filed a complaint in confession of judgment for possession of the property. The following day, the City caused a writ of execution for possession of the property to be issued by the Prothonotary.

PHDI then filed a petition to set aside or stay execution and to strike or open the confessed judgment. The trial court issued a rule to show cause why the judgment should not be stricken and stayed execution on the judgment. The court denied the issuance of a rule to show cause why the judgment should not be opened. From the court's refusal to open the judgment, PHDI has appealed.

■ It is well-established that our scope of review on appeals from the grant or denial of a petition to open a judgment by confession is very narrow. *Lincoln Bank v. Kelly*, 282 Pa.Super. 261, 422 A.2d 1106 (1980). Such petitions are appeals to the equitable and discretionary powers of the trial court, and absent an abuse of discretion or manifest error, we will not disturb its decision. *Tony Palermo Construction v. Brown*, 326 Pa.Super. 566, 474 A.2d 635 (1984); *First National Bank of Fryburg v. Krielbel*, 311 Pa.Super. 428, 457 A.2d 961 (1983); *Lincoln Bank v. Kelly, supra*.

■ In order to open a confessed judgment, the petitioner must first comply with the requirements of Pa.R.Civ.P. 2959(b). Section 2959(b) requires the trial court to first

determine whether the petition states a prima facie ground for relief. If such grounds do not exist, the court may not issue a rule to show cause why the confessed judgment should not be opened. This threshold requirement of subsection (b) must be met before the other procedures outlined in Rule 2959 are to take place.

■ Appellant's first contention is that the confessed judgment should have been opened so as to permit PHDI to demonstrate that the City lacked authority to enter the judgment. This argument, however, must fail. PHDI did not state a prima facie ground for relief that would require the trial court to issue a rule to show cause. The allegations contained in appellant's petition are merely conclusions of law which are not supported by any allegations of fact. Consequently, the trial court did not err in refusing to grant a rule to show cause why the judgment should not have been opened.

Appellant's remaining arguments are in actuality the conclusions of law appellant stated in its petition to open. We need not address these claims since we have already determined that the conclusions of law were insufficient to state a prima facie ground for relief.

Order affirmed.