ATLANTIC NATIONAL TRUST, LLC, by assignment of Pennstar Bank, a division of NBT Bank, successor by merger of Pioneer American Bank, N.A., Appellee

v.

STIVALA INVESTMENTS, INC., Appellant.

Superior Court of Pennsylvania.

Argued Nov. 29, 2006.

Filed April 9, 2007.

Thomas M. Caffrey, Allentown, for appellant.

John M. Murphy, Scranton, for appellee.

BEFORE: FORD ELLIOTT, P.J., LALLY–GREEN, and JOHNSON, JJ.

OPINION BY JOHNSON, J.:

¶ 1 Stivala Investments, Inc. ("Stivala") appeals the trial court's Order denying Stivala's Petition to Strike or Open Confession of Judgment. Stivala argues that the trial court erred in failing to strike the judgment because Atlantic National Trust, LLC, by assignment of Pennstar Bank, a division of NBT Bank, successor by merger of Pioneer American Bank, N.A. ("Atlantic") failed to include certain allegations as required by the Pennsylvania Rules of Civil Procedure to confess judgment. Stivala also argues that the trial court erred in failing to open the judgment because Atlantic improperly confessed judgment

pursuant to a warrant of attorney that had previously been exhausted. After review and study, we find that the trial court did not err in denying the motion to strike the judgment or denying the motion to open the judgment. Consequently, we affirm the trial court's Order.

¶ 2 The relevant procedural facts are set forth as follows. Atlantic extended a loan in the amount of $550,000.00 to Stivala in October of 1994, which is evidenced in part by a promissory note. The promissory note contains a warrant of attorney authorizing the confession of judgment against Stivala in the event of Stivala's default.

¶ 3 On January 22, 2003, Atlantic filed a complaint in confession of judgment, alleging that Stivala defaulted under the loan. Atlantic alleged that Stivala failed to make the payments required under the note and sought $561,950.17, which included the principal due on the note, the accrued interest, late fees, and attorneys' commission. The judgment was entered on behalf of Atlantic on January 22, 2003. Stivala then filed a timely petition to open or strike the judgment, alleging *inter alia,* that notice of default was insufficient. Stivala did not allege any substantive defenses to its default on the loan in any of its petitions to open the judgment. On June 30, 2004, the Honorable Trish Corbett denied the petition to strike, but granted the petition to open, noting that although "it seems blatantly obvious that Defendants were aware of the default and the confession of judgment before it was filed[,]" the notice given was not proper. Opinion, 06/30/04, at 9–10.

¶ 4 Following over two years of relative inactivity in the case, Atlantic tried to enforce the confessed judgment by obtaining a writ of execution that resulted in the scheduling of a sheriff's sale of real estate owned by Stivala. On April 25, 2005, Stivala filed a petition to strike and set aside

the execution and the sheriff's sale. The Honorable Terrence Nealon dismissed the petition as moot and scheduled the case for trial.

¶ 5 Ultimately, however, the parties elected to avoid trial and entered into a stipulation which Judge Nealon entered as an Order ("the Stipulated Order"). The Stipulated Order contained the following language:

> It is further ORDERED and DECREED that the herein striking and setting aside of the confession of judgment entered on January 22, 2003 shall not preclude Plaintiff from entering a second confession of judgment against Defendants in accordance with the warrant of attorney contained in the Promissory Note and the warrant of attorney contained in the Guaranty and Suretyship Agreement, but shall also not preclude the Defendants from attacking and raising any defenses to the second confession of judgment by way of a petition to strike or open by other permissible means, including, without limitation, the defense that the warrant of attorney in the Promissory Note and the warrant of attorney in the Guaranty and Suretyship Agreement do not permit the entry of a second or subsequent confession of judgment.

Order, 07/13/05, at 2 (unnumbered).

¶ 6 Consistent with the Stipulated Order, on August 17, 2005, Atlantic filed a second complaint in confession of judgment against Stivala. A confessed judgment was thus entered against Stivala in the amount of $550,048.11. On September 13, 2005, Stivala filed a petition to strike or open the confessed judgment, arguing that Atlantic impermissibly confessed judgment twice on the same warrant and that Atlantic failed to allege in its complaint that judgment had already been confessed pursuant to the warrant, as required by Pa.

R.C.P. 2952(a)(5). Atlantic filed a timely Answer. Following oral arguments, Judge Nealon denied the petition to strike and the petition to open, but allowed Atlantic to file an amended complaint so that they could comply with Pa.R.C.P. 2952(a)(5). Stivala filed its notice of appeal on March 17, 2006 and based upon our review of the docket, it appears that Atlantic filed an amended complaint on March 21, 2006.

¶ 7 Stivala presents the following questions for our review:

1. Whether the lower court committed an error of law by failing to strike the confessed judgment, where the creditor's failure to include in the complaint the allegations required by Pa.R.C.P. 2952(a)(5) is a substantive defect that undermines the validity of the confessed judgment?

2. Whether the lower court committed an error of law by failing to open the confessed judgment, where the debtor raised a meritorious defense by establishing that judgment was confessed upon the same warrant of attorney upon which a prior judgment had been confessed, so that the creditor impermissibly confessed judgment twice on the debt due under the promissory note?

Brief for Appellant at 4.

¶ 8 In support of its first question, Stivala argues that the trial court erred by failing to strike the confessed judgment because Atlantic's failure to set forth the fact that that judgment was already confessed upon the warrant of attorney "is a substantive defect that undermines the validity of the confessed judgment." Brief for Appellant at 10. Pursuant to Pa.R.C.P. 2952(a)(5), a complaint seeking a confession of judgment must contain, "either a statement that judgment has not been entered on the instrument in any jurisdiction or if it has been entered an identification of the proceedings[.]" "On appeal from the denial of a petition to strike an order or judgment, a trial court will be reversed only if there is a manifest abuse of discretion or error of law." *Crum v. F.L. Shaffer Co.*, 693 A.2d 984, 986 (Pa.Super.1997). We further note that,

A petition to strike a judgment may be granted only for a fatal defect or irregularity appearing on the face of the record. In considering the merits of a petition to strike, the court will be limited to a review of only the record *as filed by the party in whose favor the warrant is given*, i.e., the complaint and the documents which contain confession of judgment clauses. Matters dehors the record filed by the party in whose favor the warrant is given will not be considered. If the record is self-sustaining, the judgment will not be stricken.

*Resolution Trust Corp. v. Copley Qu-Wayne Assocs.*, 546 Pa. 98, 683 A.2d 269, 273 (1996) (emphasis in original, internal citations omitted)

¶ 9 Stivala claims that there is no precedent on this issue and that this Court should follow the reasoning of the Philadelphia Court of Common Pleas, in *Harbor Hosp. Servs., Inc. v. Gem Laundry Servs., L.L.C.*, 2000 WL 33711057 (Phila.County 2000). *See* Brief for Appellant at 10. Stivala argues that because judgment cannot be confessed for the same warrant of attorney twice, a party must set forth whether they have previously confessed judgment in the complaint. *See* Brief for Appellant at 13. In *Harbor*, the court of common pleas held that the failure to state whether judgment had been entered on the warrant constitutes a substantive defect and struck the judgment. *See* 2000 WL 33711057 at *13. *Harbor* is not binding precedent on this Court, as it is a common pleas decision. Further, we are

not persuaded by the court's reasoning in *Harbor* and we note that *Harbor* has not been relied upon or even cited in a single decision by any other court in the seven years since it was decided. Specifically, *Harbor* fails to engage in an analysis of whether the party seeking the order to strike was prejudiced by the error, despite the fact that the court specifically states that this Court has engaged in precisely that inquiry in similar situations. *See id.* at *10.

■■ ¶ 10 According to this Court, in *George H. Althof, Inc. v. Spartan Inns of America, Inc.*, 295 Pa.Super. 287, 441 A.2d 1236, 1237 (1982), a motion to strike may not be granted "[i]f the defect is one that can be remedied by an amendment of the record or other action[.]" Further, it is well-established that courts "should not be astute in enforcing technicalities to defeat apparently meritorious claims; if defendant has any real or substantive defense to the confessed judgment the way lies open to it to present it." *Id.* at 1238 (quoting *West Penn Sand & Gravel Co. v. Shippingport Sand Co.*, 367 Pa. 218, 80 A.2d 84, 86–87 (1951)). A court, therefore, must determine if an error is technical or prejudicial. *See George H. Althof,* 441 A.2d at 1238. "It has always been held that formal defects, mistakes and omissions in confessions of judgment may be corrected by amendment where the cause of action is not changed, where ends of justice require the allowance of such amendment, and where the substantive rights of defendant ... will not be prejudiced thereby." *West Penn Sand & Gravel Co.,* 80 A.2d at 86.

¶ 11 In this case, Stivala has failed to show that it was prejudiced by Atlantic's omission in its complaint. Indeed, there is no doubt that Stivala was aware that Atlantic had previously filed a confession of judgment because the parties stipulated to as much in the trial court's July 13, 2005 Order. Because Stivala did not make any allegations of prejudice due to Atlantic's failure to conform to Pa.R.C.P. 2952(a)(5), we hold that the trial court did not err when it denied Stivala's petition to strike and instead, directed Atlantic to file an amended complaint containing the information required by Pa.R.C.P. 2952(a)(5).

■ ¶ 12 In support of its second question, Stivala argues that the trial court erred in refusing to open the confessed judgment because the judgment had been confessed previously under the warrant of attorney contained in the promissory note and said warrant expired after that first use. Brief for Appellant at 14. A petition to open a judgment should be granted when a party acts promptly, alleges a meritorious defense to the judgment and presents evidence of that defense sufficient to reach a jury. *See Iron Worker's Sav. and Loan Ass'n v. IWS, Inc.*, 424 Pa.Super. 255, 622 A.2d 367, 370 (1993). We will reverse a trial court's denial of a petition to open only "if there has been a manifest abuse of discretion or an error of law." *First Union Nat'l Bank v. Portside Refrigerated Servs., Inc.*, 827 A.2d 1224, 1227 (Pa.Super.2003). In this case, the trial court denied Stivala's petition to open relying on the language contained in this Court's opinion in *PNC Bank v. Bolus,* 440 Pa.Super. 372, 655 A.2d 997, 1000 (1995). Trial Court Opinion ("T.C.O."), 03/08/06, at 10.

¶ 13 After review, we affirm the trial court's decision, albeit on different grounds. *See Toy v. Metropolitan Life Ins. Co.,* 863 A.2d 1, 14 (Pa.Super.2004) (affirming Order on grounds different from those relied upon by the trial court). The language in *Bolus* upon which the trial court relied did not involve a matter necessary to determine the rights of the parties involved in that case, thus it was *dicta.* Although we find the trial court's reliance

on the *dicta* in *Bolus* misplaced, we hold that the court's denial of the petition to open was proper in this case.

■■■■ ¶ 14 In support of its appeal, Stivala argues that the trial court erred in failing to open the judgment because a warrant of attorney is exhausted after judgment is entered. Brief for Appellant at 14–19. Stivala cites numerous cases in support of its position, and argues that the trial court erred in denying its motion to open for that reason. *See id.* The general proposition of law—that a warrant of attorney may not be used twice to confess a judgment—is correct. *See, e.g., Scott Factors, Inc. v. Hartley*, 425 Pa. 290, 228 A.2d 887, 888–89 (1967); *B. Lipsitz Co. v. Walker*, 361 Pa.Super. 238, 522 A.2d 562, 565 (1987); *Continental Bank v. Tuteur*, 303 Pa.Super. 489, 450 A.2d 32, 35 (1982).

¶ 15 However, this case presents a unique factual scenario which renders *Scott Factors* and its progeny inapplicable. Here, Atlantic initially confessed judgment against Stivala in 2003. Stivala moved to have the judgment stricken or opened. In June of 2004, the trial court denied the motion to strike the first judgment, but granted the motion to open that judgment on the grounds that Atlantic failed to provide Stivala proper notice of Stivala's default. Following two years of inactivity, instead of going to trial, the parties entered into the Stipulated Order. The Stipulated Order contains the following relevant language:

> It is further ORDERED and DE-CREED *that the herein striking and setting aside of the confession of judgment entered on January 22, 2003 shall not preclude Plaintiff from entering a second confession of judgment against Defendants in accordance with the warrant of attorney contained in the Promissory Note* and the warrant of attorney contained in the

Guaranty and Suretyship Agreement, but shall also not preclude the Defendants from attacking and raising any defenses to the second confession of judgment by way of a petition to strike or open by other permissible means, including, without limitation, the defense that the warrant of attorney in the Promissory Note and the warrant of attorney in the Guaranty and Suretyship Agreement do not permit the entry of a second or subsequent confession of judgment.

Order, 07/13/05, at 2 (unnumbered) (emphasis added). Atlantic filed a second complaint in confession of judgment in August of 2005. Stivala then filed a petition to strike the second confessed judgment, or alternatively to open that judgment. The trial court denied both petitions.

■■■ ¶ 16 As discussed above, we are aware of the line of cases holding that after a warrant of attorney has been used, the power is exhausted. However, none of the above cases upon which Stivala relies involved a situation where the parties went to the trial court, and with the court's involvement, agreed upon an order striking an opened judgment and reviving the warrant of attorney. Indeed, as our Supreme Court held, a warrant of attorney is a contractual agreement between the parties and the parties are free to determine the manner in which the warrant may be exercised. *See Scott Factors*, 228 A.2d at 888. Pursuant to *Scott Factors*, parties may design and contour an agreement as they see fit. It is clear from the Stipulated Order, entered into by the parties and memorialized by the trial court, that Atlantic could confess a second judgment.

■■■ ¶ 17 Moreover, a review of the equities in this case further strengthens our conclusion that the trial court did not err in denying Stivala's petition to open.

The filing of a petition to open is an appeal to the equitable powers of the trial court. *See City of Pittsburgh v. Allegheny County Distributors, Inc.,* 339 Pa.Super. 109, 488 A.2d 333, 334 (1985). Our scope of review on appeal is "very narrow" and as stated above; we will overturn the trial court decision in this regard only if the trial court has abused its discretion or committed manifest error. *See id.* Here, we find no abuse of discretion, as the equities in this matter militate against the judgment debtor. Indeed, Stivala does not allege at any point that it does not owe the money and did not present any substantive defenses to the confessed judgment.

¶ 18 This case is analogous to this Court's decision in *Kwasnik v. Hahn,* 419 Pa.Super. 180, 615 A.2d 84 (1992). In that case, the trial court mistakenly struck a judgment that was confessed pursuant to a warrant of attorney in favor of the plaintiff. *See id.* at 86–88. The plaintiff then filed a second confession of judgment pursuant to the warrant of attorney and defendant responded with a motion to strike on the grounds that a warrant of attorney cannot be used twice. *See id.* at 87. The plaintiffs argued in response that because the confessed judgment was improperly stricken, the authority to enter a second warrant of attorney should not be exhausted. *See id.* at 87–88. The trial court agreed and reinstated the original judgment. *See id.* at 88. On appeal, this Court remanded the case so that an unrelated issue of fact could be resolved. *See id.* at 90. Consistent with remand, this Court also determined that the trial court could restore the plaintiff's ability to collect the confessed judgment. *See id.* at 88–89. We stated specifically, "we rule that the inequity which would be visited upon the plaintiffs because of the lower court's erroneous grant of the defendant's petition to strike and using the earlier order as a vehicle by which to foreclose the

use of the warrant of attorney a second time, justifies the measure of relief implemented by the court to avoid an inequitable result." *Id.* at 88–89. The equities are similar in this case and support the trial court's decision to deny the petition to open.

¶ 19 The first time Atlantic filed a confession of judgment, Stivala filed a motion to strike and a motion to open the judgment. The trial court denied the motion to strike, but granted the motion to open on the grounds that there was an issue as to whether Stivala received proper notice, although the trial court noted that there was no question that Stivala's counsel received notice of the default and stated that it was "blatantly obvious" that Stivala was aware of the default and the confession of judgment before it occurred. Opinion, 06/30/04, at 9. Before the case proceeded to trial, the parties agreed upon the stipulated order, which attempted to obviate the need for trial by striking the earlier judgment and restored Atlantic's power to confess judgment under the warrant of attorney. After Atlantic filed a second confession of judgment, Stivala moved to strike and essentially argues that Atlantic gave up its right to confess judgment in its entirety. This is despite the fact that Stivala was unable to present any reasons for or defenses to Atlantic's claim of default and despite the fact that the parties entered into a stipulated Order which expressly stated that Atlantic could confess judgment for a second time pursuant to the warrant.

¶ 20 We conclude that the trial court did not err in denying Stivala's petition to open because the parties agreed to, and the trial court approved of, the agreement which allowed Atlantic to enter a second confessed judgment pursuant to the warrant of attorney. Our decision is further supported by a review of the equities in

926 ■

this case which establishes that the trial court did not err when it denied Stivala's petition to open.

¶ 21 For all the forgoing reasons,

¶ 22 Order **AFFIRMED.**