J-A07031-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| 2327 E. YORK LLC | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| THOMAS HOPKINS | : | |
| | : | |
| Appellant | : | No. 2544 EDA 2022 |

Appeal from the Order Entered August 30, 2022
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s): 200600297

BEFORE: DUBOW, J., McLAUGHLIN, J., and McCAFFERY, J.

MEMORANDUM BY McCAFFERY, J.: **FILED MARCH 16, 2023**

Thomas Hopkins (Appellant) appeals *pro se* from the order entered in the Philadelphia County Court of Common Pleas denying his petition to open a confession of judgment in favor of 2327 E. York LLC (Appellee). As will be discussed below, Appellant submits a two-page brief and a litany of exhibits with no explanation of their relevance to any purported argument. Because we conclude that Appellant's brief is fatally deficient and he failed to file a timely petition to open the confessed judgment, we affirm.

Due to our disposition of this appeal, a detailed description of the underlying factual history is unnecessary. Briefly, Appellant entered into a five-year commercial lease agreement with Appellee for the rental of a property located on East York Street (Property) in Philadelphia, which commenced on June 21, 2019. **See** Lease Agreement, 6/21/19, at 1 (unpaginated). The lease required Appellant to pay rent on the first of each

month in the sum of $4,000.00 beginning on July 1, 2019.[1]  *Id.* at 1-2.  The

lease agreement also included the following terms:

24. Events of Default; Remedies.

\*     \*     \*

(c) If [Appellant] shall default in the payment of the rent reserved or in the payment of any other sums due hereunder by [Appellant, Appellant] hereby authorizes and empowers any prothonotary or attorney of any court of record to appear for [Appellant] in any and all actions which may be brought for said rent and/or said other sums; **to confess judgment against [Appellant] for all or any part of said rent and/or said other sums**; including but not limited to the amounts due from [Appellant] to [Appellee] under subsections, (I), (II), (III) of this section; and for interest and costs together with an attorney's commission for collection of [5%].  Such authority shall not be exhausted by one exercise thereof, but judgment may be confessed as aforesaid from time to time as often as any of said rent and/or other sums shall fall due or be in arrears, and such powers may be exercised as well after the expiration of the initial term of this lease and/or during any extended or renewal term of this lease and/or after the expiration of any extended or renewal term of this lease.

(d) Upon an event of default hereunder or the expiration of the term of this lease, [Appellant] hereby authorizes and empowers any prothonotary or attorney of any court of record to appear for [Appellant] in any and all actions which may be brought for the recovery by [Appellee] of possession of the demised premises, and confession of judgment in ejectment for which this lease shall be his sufficient warrant; thereupon, if [Appellee] so desires, an appropriate writ of possession may issue forthwith, without any prior writ or proceeding whatsoever, and provided

---

[1] Under the terms of the lease, rent for Property was to be raised at the conclusion of each year to a predetermined amount.  *See* Lease Agreement at 2.  Rent for Property was $4,000.00 a month for the period of July 1, 2019, through June 30, 2020.

that if for any reason after such action shall have been commenced it shall be determined and possession of the demised premises remain in or be restored to [Appellant], [Appellee] shall have the right for the same default and upon any subsequent default or defaults or upon the termination of this lease or [Appellant]'s rights of possession as hereinbefore set forth, to confess one or more judgments in ejectment as hereinbefore set forth to recover possession of the demised premises. Such authority shall not be exhausted by one exercise thereof, and such authority may be exercised as well after the expiration of the term of this lease.

(e) In any confessed judgment of ejectment and or for rent and/or other sums brought hereon, [Appellee] shall first cause to be filed in such action an affidavit made by [Appellee] or someone acting for [Appellee], setting forth the facts necessary to authorize the entry of judgment, of which facts such affidavit shall be prima facie evidence, and if a true copy of this [l]ease shall be filed in such suit, action or actions, it shall not be necessary to file the original as a warrant of attorney, any rule of [c]ourt, custom or practice to the contrary notwithstanding.

\* \* \*

This [l]ease contains the entire agreement between the parties relating to the subject matter hereof and shall not be changed, modified, terminated or discharged, in whole or in part, unless by an agreement in writing and signed by both parties.

*Id.* at 11, 13-14, 21 (emphasis added & some capitalization omitted; unpaginated).

Appellant purportedly paid rent "in accordance with the [l]ease" until September 2019 and then "surrendered the premises" back to Appellee. ***See*** Appellee's Complaint — Confession of Judgment Pursuant to Warrant of

Attorney (Appellee's Complaint), 6/5/2020, at 5.[2]  Appellee did not locate

another tenant until January 2020.  ***Id.***

On June 5, 2020, Appellee filed a complaint in confession of judgment

against Appellant.  In the complaint, Appellee alleged that Appellant failed to

pay attorney's fees, court costs, and rent "through the end of December,

2019[,]" which amounted to $30,639.41.  Appellee's Complaint at 5.  Appellee

also averred that "despite repeated demands[,]" and "notice pursuant to the

[l]ease" that Appellant was in default, he continued to refuse to pay these

amounts.  ***Id.***  Appellee demanded a money judgment in its favor against

Appellant.  ***Id.*** at 6.  Appellee also attached a copy of the lease signed by the

parties to the complaint.  Appellant was served with the confession of

judgment on August 10, 2020.[3]  On December 23, 2020, Appellee filed a

praecipe for writ of execution upon a confessed judgment.

On April 16, 2021, Appellant was served with a notice of taking a

deposition in aid of execution for a May 17, 2021, deposition.  ***See*** Appellee's

Notice of Taking a Deposition in Aid of Execution, 4/16/21.  Appellant failed to

appear.  Appellee then filed a motion to compel Appellant's deposition, which

the trial court granted on August 26, 2021.  ***See*** Appellee's Motion to Compel

Deposition of Appellant, 6/8/21, at 1 (unpaginated); Order, 8/26/21.  On

_____

[2] Appellee's complaint and averment of judgment are dated May 20, 2020, but the docket reflects both documents were filed on June 5, 2020.

[3] Although the docket entry states Appellant was served on August 10, 2020, proof of service was not entered until September 23rd.

September 9, 2021, Appellant was served with notice of the court's order. *See* Return of Service, 9/22/21. The limited record does not indicate if the second scheduled deposition occurred or if Appellant attended.

On June 6, 2022, Appellant filed a petition to open the confessed judgment. It appears that in lieu of a brief in support of his petition, Appellant filed a one-page, *pro se* document requesting a hearing to present evidence that he made payments for past rent amounting to $16,000.00. *See* Appellant's *Pro Se* Petition to Open Judgment, 6/6/22, at 5 (unpaginated). He alleges these payments were made "from the proceeds of the sale of the business in question." *Id.*

Appellee responded to the petition, denying that Appellant "made any payments towards the confessed judgment" and in the event he did, Appellant "failed to timely allege said payments were made[.]" Appellee's Response to Appellant's Petition to Open Confessed Judgment and to Stay Execution, 6/14/22, at 1.

On June 22, 2022, Appellant filed an answer to Appellee's response, alleging the following:

> On August 5th 2020[,] I had a medical emergency occur (spontaneous subdural hematoma) and was transported to Cooper Medical Center in Camden, NJ for emergency treatment. I was released on August 9th. The following week on August 17th another episode occurred and I was transported to Temple University Medical Center where an [emergency] medical procedure (surgery to correct the brain hematoma) was completed. I was discharged from the Temple University Medical Center on August 19th to complete recovery steps. The summary

documents relating to these events are included with this response.

I did not see the initial request from [Appellee]'s counsel but did see subsequent requests. My efforts to hire a lawyer to represent me had been hampered by the financial distress I was in through August 2021. In September 2021[,] I was able to retain a lawyer to represent me in this matter with the goal of a fair settlement of the case based on the fact that there is $16,000 unaccounted for in total payments made to the [Appellee]. The [Appellee] has not agreed with the offers presented. At this time I am representing myself and request the case [be] opened and reviewed by the court so I can provide my records on this matter.

Appellant's Answer to Appellee's Opposition of Petition to Open Judgment,[4] 6/22/22, at 5 (unpaginated).

On August 30, 2022,[5] the trial court denied Appellant's petition to open confessed judgment without holding an evidentiary hearing. *See* Order, 8/30/22. The court did not provide its reasons for denying the petition or file an opinion in support. After entering the order, the assigned trial judge resigned from the Court of Common Pleas of Philadelphia. *See* Letter, 11/15/22. A new trial judge was not assigned to the matter. This timely appeal followed.

Before addressing any purported claims on appeal, we must determine whether Appellant's brief complies with the Pennsylvania Rules of Appellate

---

[4] We note Appellant titled the document, "Answer to Response Filed by Appellee's Counsel." We changed the name to properly identify the nature of the filing.

[5] The trial court's order is dated August 29, 2022, but it was not entered onto the docket until August 30th. *See* Order, 8/30/22.

Procedure. The entirety of Appellant's brief is two pages in length, and consists of one paragraph, which is as follows:

> Request for the Superior Court to open the [t]rial [c]ourt Docket No[.] 200600297 [Judgment] for further review of the details regarding proceeds applied to outstanding balances owed. The dispute is specifically related to the payment of 4 months of back-rent ($16k) owed to [Appellee] from the proceeds of the sale of the business. These funds have not been applied as agreed. [Appellee] did not deliver any invoice or documentation for outstanding costs to date that conflict with the enclosed supporting documentation.
>
> Enclosed are supporting documents related to this appeal.

Appellant's Brief at 1 (unpaginated; grammatical errors in original). The second page of Appellant's brief is an index of attached exhibits. *Id.* at 2.

Appellant's *pro se* brief materially fails to conform to the requirements set forth in the Pennsylvania Rules of Appellate Procedure. *See* Pa.R.A.P. 2111(a). Specifically, Appellant's brief either entirely omits or does not adequately include a statement of jurisdiction, reference to the order or other determination in question, statement of the scope and standard of review, statement of the questions involved, a statement of the case, a summary of the argument, and argument for Appellant. *See* Pa.R.A.P. 2111(a)(3), 2114, 2115(a), 2116(a), 2117(a), 2118, 2119. Most notably, Appellant fails to refer to any part of the record and does not cite any legal authority in support of his contention. *See* Pa.R.A.P. 2119(b)-(c).

Although this Court is willing to construe briefs filed by a *pro se* litigants liberally, *pro se* status generally confers no special benefit upon an appellant. *See Elliot-Greenleaf, P.C. v. Rothstein*, 255 A.3d 539, 542 (Pa. Super.

2021). Our Supreme Court has noted that when a lay person represents themselves in a legal proceeding, they "must, to some reasonable extent, assume the risk that [their] lack of expertise and legal training will prove [their] undoing." *See id.* (citation omitted). This Court has previously stated:

> [We] will not act as counsel and will not develop arguments on behalf of an appellant. When deficiencies in a brief hinder our ability to conduct meaningful appellate review, we may dismiss the appeal entirely or find certain issues to be waived. It is not this Court's responsibility to comb through the record seeking the factual underpinnings of [a party's] claim.

*Irwin Union Nat'l Bank & Trust Co. v. Famous*, 4 A.3d 1099, 1103 (Pa. Super. 2010) (citations omitted).

In the present case, Appellant fails to even provide a statement of questions involved or any argument in support of his bald assertions. We emphasize:

> [T]he omission of a statement of questions presented is particularly grievous since the statement . . . defines the specific issues this [C]ourt is asked to review. When the omission of the statement of questions presented is combined with the lack of any organized and developed arguments, it becomes clear that appellant's brief is insufficient to allow us to conduct meaningful judicial review.

*Smathers v. Smathers*, 670 A.2d 1159, 1160 (Pa. Super. 1996) (citations omitted).

We find Appellant's two-page brief, consisting of one paragraph requesting "further review" of his petition to open judgment, and an index of miscellaneous exhibits, does not comply with the Rules of Appellate Procedure. We cannot presume what arguments he meant to put forth, nor can we simply

speculate or assume his intended purpose for each of the attached exhibits. As there is no discernable argument presented before us, we conclude Appellant's claims are waived on this basis. **See** Pa.R.A.P. 2119(a) (the argument section of an appellate brief must provide "discussion and citation of authorities as are deemed pertinent."); **see Irwin Union Nat'l Bank & Trust Co.**, 4 A.3d at 1103 ("When deficiencies in a brief hinder our ability to conduct meaningful appellate review, we may . . . find certain issues to be waived."); **see Butler v. Illes**, 747 A.2d 943, 944 (Pa. Super. 2000) ("When issues are not properly raised and developed in briefs, when briefs are wholly inadequate to present specific issues for review, a court will not consider the merits thereof.") (citation & internal quotation marks omitted).

Moreover, even if we were to determine that Appellant's brief complied with the Rules of Appellate Procedure, we would conclude no relief is due. We review a trial court's ruling on a petition to strike or open a confessed judgment for an abuse of discretion or error of law. **See Ferrick v. Bianchini**, 69 A.3d 642, 647 (Pa. Super. 2013). Our scope of review on appeal is "very narrow" and we will overturn the trial court's decision only if the "court abused its discretion or committed manifest error." **Atlantic Nat'l Trust, LLC v. Stivala Invs., Inc.**, 922 A.2d 919, 925 (Pa. Super. 2007) (citation omitted).

Where the factual averments in a complaint of a confession of judgment are contested, a petitioner may seek remedy through a petition to open judgment. **See Neducsin v. Caplan**, 121 A.3d 498, 504 (Pa. Super. 2015). "A petition to open a confessed judgment is an appeal to the equitable powers

of the court." ***Id.*** The court may open a confessed judgment "if the petitioner (1) acts promptly, (2) alleges a meritorious defense, and (3) can produce sufficient evidence to require submission of the case to a jury." ***Id.*** at 506 (citation and emphasis omitted). When a petitioner is served with written notice of the confessed judgment pursuant to Pa.R.C.P. 2956.1(c)(2),[6] they may file a petition to open the judgment within 30 days after that date, unless they can demonstrate a compelling reason for the delay. Pa.R.C.P. 2959(a)(3). An untimely petition will be denied. ***See id.***

Here, Appellee filed a confession of judgment on June 5, 2020,[7] and served it on Appellant on September 23rd. Appellee then filed a praecipe for writ of execution on December 23rd. Appellee indicated that notice had been served at least 30 days prior to the filing of the praecipe for writ of execution as evidenced by a return of service filed of record. ***See*** Appellee's Praecipe for Writ of Execution Upon A Confessed Judgment, 12/23/20, at 2. As such, Appellant had 30 days from the date of service of the confession of judgment — or October 23, 2020 — to file a petition to open judgment. ***See*** Pa.R.C.P. 236(b); Pa.R.C.P. 2956(c)(2)(i).

_____

[6] Rule 2956.1 dictates that an "[e]xecution upon a judgment entered by confession . . . shall be . . . conditioned upon the service of notice on the defendant in the judgment . . . at least thirty days prior to the filing of the praecipe for the writ of execution[.]" Pa.R.C.P. 2956.1(c)(2)(i).

[7] Notice under Pennsylvania Rule of Civil Procedure 236(b) was provided to Appellant. ***See*** Pa.R.C.P. 236(b) ("The prothonotary shall note in the docket the giving of the notice and, when a judgment by confession is entered, the mailing of the required notice and documents.").

- 10 -

Appellant filed a petition to open on June 6, 2022, over one and a half years after the deadline to file had expired. He did not state that he never received the complaint or the confessed judgment, rather, he explained his late filing was due financial difficulties after experiencing medical emergencies in August 2020.[8] *See* Appellant's Answer to Response Filed by Appellee's Counsel, at 5 (unpaginated).

Appellant did not "act promptly" nor did he provide the trial court with a "compelling reason" for the one-and-a-half-year delay. *See* Pa.R.C.P. 2959(a)(3); *Neducsin*, 121 A.3d at 506. It merits mention that Appellant's financial difficulties do not afford him an unlimited filing extension until he resolves his financial hardships. Moreover, we note that in his June 22, 2022, answer, Appellant admitted that he was no longer in financial distress after August 2021 and had retained legal counsel in September 2021.[9] *See* Appellant's Answer to Response Filed by Appellee's Counsel, at 5 (unpaginated). Despite this, Appellant waited approximately nine more

_____

[8] In his response to Appellee, we note that Appellant stated he "did not see the initial request from [Appellee's] counsel but did see subsequent requests." *See* Appellant's Answer to Response Filed by Appellee's Counsel, at 5 (unpaginated). Appellant did not indicate what "requests" he was referencing or what the subject of the "requests" were.

[9] Appellant has proceeded *pro se* throughout the present appeal. It is unclear when he decided to move forward without counsel.

- 11 -

months to file a petition to open the confessed judgment.[10] Accordingly, we would conclude the trial court did not abuse its discretion when it denied Appellant's petition.

In sum, the defects regarding Appellant's appellate brief preclude us from conducting meaningful review, and further, his petition to open was filed beyond the deadline without compelling reason for the delay. As such, we need not address this appeal further. Therefore, we affirm the trial court's August 30, 2022, order denying Appellant's petition to open the confessed judgment.

Order affirmed. We direct the Prothonotary to remove this case from the March 21-22, 2023, argument list.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 3/16/2023*

---

[10] We acknowledge that even if Appellant filed his petition when he retained counsel in September 2021, it would still be filed after the 30-day filing deadline, and he would still be required to demonstrate a reason for the delay.