J-A03010-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| JUDITH AXELROD | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ALAN R. ZIBELMAN | : | |
| | : | |
| Appellant | : | No. 1628 EDA 2022 |

Appeal from the Order Entered May 31, 2022
In the Court of Common Pleas of Bucks County Civil Division at No(s):
2021-03061

BEFORE:   KING, J., SULLIVAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:                    **FILED MAY 23, 2023**

Appellant, Alan R. Zibelman, appeals from the order entered in the Court of Common Pleas of Bucks County denying Appellant's Petition to Open and/or Strike a confessed judgment entered against him pursuant to a Complaint filed by Appellee, Judith Axelrod.  After careful consideration, we affirm.

The trial court has authored a Pa.R.A.P. 1925(a) opinion setting forth the relevant facts and procedural history:

> The instant suit arises out of Appellant's default on four promissory notes ("Notes") that Appellant signed in connection with a series of loans extended by Appellee to Appellant.  Appellee filed a Complaint seeking confession of judgment on June 14, 2021, containing calculations of missed payments, interest, and attorney's fees in the amount of $317,060.14 due and owing pursuant to the Notes.  Appellant was served with the Complaint on July 13, 2021.  Appellee also provided Appellant with notice to execute on the judgment.  Subsequently, Appellant filed a Petition

_____

[*] Former Justice specially assigned to the Superior Court.

to Open and/or Strike on September 7, 2021, for which a Rule Returnable was entered on October 7, 2021, and returnable on November 1, 2021.

Appellee filed her answer to Appellant's Petition to Open and/or Strike on October 26, 2021. From October 26, 2021, through February 8, 2022, Appellant took no action to move the Petition forward. [On February 8, 2022,] Appellee provided notice pursuant to Bucks County Local Rule ("BCLR") 208.3(b)(5) of Appellee's intent to seek dismissal of the Petition if Appellant did not comply with Rule 208.3(b) within the ten days provided for by the BCLR.

Appellant attempted to Praecipe his Petition to Open and/or Strike the Judgment forward on February 15, 2022, however, the Prothonotary notified Appellant on February 17, 2022, that his Praecipe was deficient because it was lacking a Memorandum of Law and a Certificate of Service of Praecipe [as expressly required under BCLR 208.3(b)]. The docket does not reflect Appellant's effort to correct said deficiencies [in the ensuing 13 days].

[On Wednesday,] March 2, 2022, [with Appellant still having not] filed the appropriate Praecipe, . . . Appellee filed a Praecipe pursuant to BCLR 208.3(b)(5) to dismiss Appellant's Petition to Open and/or Strike. [Later, on the same date,] Appellant filed a Praecipe under BCLR 208.3(b) along with an accompanying legal brief []. However, such action was required on or before February 18, 2022, pursuant to the prior notice.

Appellee filed a Response to Appellant's untimely Praecipe and brief on March 11, 2022. On May 31, 2022, the [trial court] issued an Order denying Appellant's Petition to Open and/or Strike the Judgment. On June 21, 2022, Appellant filed a Notice of Appeal of the [the trial court's] May 27, 2022, Order. On June 22, 2022, the [trial court] issued an Order directing Appellant to file a Statement of Matters Complained of on Appeal pursuant to Pa.R.A.P. 1925(b).

Trial Court Opinion, 8/16/22, at 1-2.

In Appellant's brief, he raises two issues for this Court's consideration:

1. Did the trial court abuse its discretion in failing to Open or Strike the confessed judgment without any hearing to establish

- 2 -

an evidentiary record, where the Appellant raised substantial factual issues as to whether the damages were properly computed in the Complaint in Confession, and the Court was required by Rule to view that evidence in the light most favorable to Appellant?

2. Did the trial court abuse its discretion in dismissing or denying the Petition to Open or Strike of Appellant, when Appellant (1) timely filed the Petition to Open or Strike, (2) alleged meritorious defenses and (3) presented evidence of those defenses sufficient to require submission of the issues to a jury, and substantially complied with Bucks County Local Rule ("BCLR") 208.3, with no prejudice to Appellee?

Brief for Appellant, at 4.

We begin by setting forth the standard and scope of review applicable to an appeal from the denial of a petition to open a confessed judgment.

We review an order denying a petition to strike a confessed judgment to determine whether the record in existence at the time of the entry of the judgment is sufficient to sustain the judgment. *First Union Nat'l Bank v. Portside Refrigerated Servs., Inc.*, 827 A.2d 1224, 1227 (Pa. Super. 2003). The denial of a petition to open a confessed judgment is subject to abuse of discretion review. *Neducsin* [*v. Caplan*, 121 A.3d 498, 506]. Our scope of review is "very narrow," and we will overturn the trial court's decision only if the trial court abused its discretion or committed manifest error. *Atl. Nat. Trust, LLC v. Stivala Invs., Inc.*, 922 A.2d 919, 925 (Pa. Super. 2007).

*Truist Bank v. Pennsylvania Muscle Bone & Joint LLC*, No. 565 MDA 2022, 2023 WL 371657, at *3 (Pa. Super. Ct. Jan. 24, 2023) (emphasis added).[1]  *See also see also Iron Worker's Sav. & Loan Ass'n v. IWS,*

---

[1] Pennsylvania Rule of Appellate Procedure 126 provides that non-precedential decisions by this Court that are filed after May 1, 2019, "may be cited for their persuasive value." Pa.R.A.P. 126(b)(2).

***Inc.***, 622 A.2d 367, 370 (Pa.Super.1993) (observing that, "[t]raditionally, a confessed judgment will be opened in only a limited number of circumstances....").

> "A petition to open a confessed judgment is an appeal to the equitable powers of the court." ***Neducsin*** [], 121 A.3d [at 504]. The court may open a confessed judgment "if the petitioner (1) acts promptly, (2) alleges a meritorious defense, and (3) can produce sufficient evidence to require submission of the case to a jury." ***Id.*** at 506 (citation and emphasis omitted). . . .
>
> Rule 2959(e) provides that "[t]he court shall dispose of the rule on petition and answer, and on any testimony, depositions, admissions and other evidence," and "[i]f evidence is produced which in a jury trial would require the issues to be submitted to the jury the court shall open the judgment." Pa.R.C.P. 2959(e). *Therefore, "a judgment of confession will be opened if 'a petitioner seeking relief therefrom produces evidence which in a jury trial would require issues to be submitted to a jury*.'" ***Neducsin***, 121 A.3d at 507 (quoting ***Foerst v. Rotkis***, 368 A.2d 805, 807–08 (Pa. Super. 1976)).

***Truist Bank***, No. 565 MDA 2022, 2023 WL 371657, at *3 (emphasis added).

> Furthermore, the court must view the evidence presented in the light most favorable to the moving party, while rejecting contrary evidence of the non-moving party. ***Continental Bank v. Axler*** [353 Pa.Super. 409], 510 A.2d 726, 728 (1986); ***Pawco v. Bergman Knitting Mills, Inc***. [283 Pa.Super. 443], 424 A.2d 891, 897 (1980). The petitioner need not produce evidence proving that if the judgment is opened, the petitioner will prevail. ***Id.*** Moreover, we must accept as true the petitioner's evidence and all reasonable and proper inferences flowing therefrom. ***Federman v. Pozsonyi*** [365 Pa.Super. 324], 529 A.2d 530, 533 (1987) *citing* ***Hamilton Bank v. Rulnick*** [327 Pa.Super. 133], 475 A.2d 134, 137 (1984).

***Neducsin***, 121 A.3d at 506–07 (2015) (*quoting* ***Liazis v. Kosta, Inc.,*** 618 A.2d 450, 453 (Pa. Super. 1992)). ***See also Greenwood v. Kadoich***, 357

A.2d 604, 606 (Pa. Super. 1976) (observing, "The standard of sufficiency here is similar to the standard for a directed verdict, in that we must view the facts most favorably to the moving party, we must accept as true all the evidence and proper inferences in support of the defense raised, and we must reject all adverse allegations.)

In Appellant's first issue, he maintains the court abused its discretion when it denied his verified Petition to Open and/or Strike the confessed judgment without first conducting an evidentiary hearing to establish an evidentiary record on the factual issue of amounts overdue under the Notes. Specifically, Appellant argues his Petition presented specific and substantial allegations of fact opposing the Complaint's computation of amounts owed under contract that, alone, warranted either oral argument, an evidentiary hearing, or a determination in his favor when viewing the Petition "in the light most favorable to [him as] the moving party while rejecting contrary evidence of the non-moving party." *See* Brief for Appellant, at 10 (quoting *Neducsin*, 121 A.3d at 506).

Appellee responds that Appellant failed both in his Petition to Open and/or Strike and in his belatedly filed supporting Memorandum of Law to provide clear and precise material facts necessary to permit the court to open the judgment. According to Appellee, neither Appellant's Petition nor his belated Memorandum of Law supplied fact-based argument to dispute the confessed judgment's allegations of default under the Notes. Regarding the Memorandum of Law specifically, Appellee maintains that the argument

therein merely rehashed "generic denials as to the amount of the Judgment and fail[ed] to produce discovery contradicting any of [Appellee's] arguments[]" despite his having unique access to financial information that presumably could refute any false allegation in the complaint and over seven months since the filing of the complaint to present it. Brief for Appellee at 2-3.

A review of Appellant's Petition to Open and/or Strike supports both Appellee's argument and the trial court's opinion that the Petition consisted of many vague and nonspecific allegations of Appellant's "belief" that payments had been made that were not factored in Appellee's calculations. Moreover, Appellant allowed the docket to remain inactive for over three months between Appellee's October 26, 2021, Answer to his Petition and Appellee's February 8, 2022, Notice of Intent to Seek Dismissal without substantiating his Petition's many allegations of "belief" with receipts or financial statements generated in the ordinary course of business that presumably would have been in his possession.

Contrary to Appellant's present claim, he had not developed by mid-February of 2022—either through depositions taken under Pa.R.C.P. 206.7 or by submitting record evidence of payments—"substantial factual issues" from his allegations of "belief" that the computations offered in support of the confessed judgment were inaccurate. For instance, in his appellate brief on this issue, he argues that the allegations in his Petition coupled with Appellee's Answer admitting in part and denying in part his averment in the Petition's

Paragraph 5 regarding quarterly interest payments in March 2021 is sufficiently equivocal to require an evidentiary hearing on the accuracy of Appellee's computation of amounts allegedly due on the Notes. Specifically, Appellant states,

> It is unclear from the face of that Answer which facts alleged in that numbered paragraph of the Petition were admitted and which facts were specifically denied contrary to Pa.R.C.P. 1029(b). Regardless, Appellant's factual allegation is abundantly clear— Appellant pleaded specific facts showing that payments had not been properly accounted for by the Appellee in her computations of amounts allegedly due under the Notes.

Brief for Appellant at 9.

Our assessment of Appellee's Answer, however, is that it was quite clear on what she admitted and what she denied. Appellee admitted only the Petition's description that Ken Rubin was the Operations Manager who would present checks to Appellant to sign off to pay Appellee on owed interest payments. Otherwise, regarding the substantive matter at issue, Appellee denied that Ken Rubin holds the title of "Director of Finances" as alleged in the Petition and, most important, categorically denied receiving the disputed payments:

> Plaintiff denies that Mr. Rubin had obtained Defendant's permission to pay Plaintiff the due quarterly interest payment in March 2021. Plaintiff has been advised that a request to pay Plaintiff was presented to Defendant by Mr. Rubin. Defendant denied the request to pay Plaintiff and then advised many of the investors that bankruptcy was potentially forthcoming. So rather than make any of the payments required to Plaintiff as alleged in Plaintiff's Complaint, Defendant threatened corporate bankruptcy. Plaintiff has received no such funds.

Appellee's Answer to Petition to Open/Strike, 10/26/21, at 1-2 ¶ 5.

As over three months passed from the filing of Appellee's Answer without any attempt by Appellant to supplement his Petition, Appellee, on February 8, 2022, provided notice pursuant to Bucks County Local Rule ("BCLR") 208.3(b)(5) of her intent to seek dismissal of the Appellant's Petition to Open/Strike if Appellant did not comply with Rule 208.3(b) within ten days provided by the Rule. As noted, *supra*, Appellant filed on February 15, 2022, a responsive Praecipe of Determination to Appellee's notice, but because it was lacking a requisite brief or Memorandum of Law as well as a Certificate of Service, the Prothonotary notified him on February 17, 2022, that his filing failed to conform with the Rule 208.3(b). 13 days later, on Wednesday, March 2, 2022, Appellant filed a praecipe containing a Memorandum of Law and Certificate of Service.

While Appellant's second response of March 2, 2022, was technically compliant, it was filed well beyond the 10-day filing deadline of February 18, 2022. Additionally, it contained a Memorandum of Law that simply repeated the many allegations of Appellant's earlier Petition without referencing receipts, financial statements, or any other specific documentary or testimonial evidence in support his Petition to Strike and/or Open the confessed judgment.

Addressing the second of these problems first, we observe that both Appellant's September 7, 2021, Petition to Open and his March 2, 2022, Memorandum of Law made many bald assertions that the confessed judgment

must be opened because he "believed" Appellee's computation of sums due and owed for missed payments, interest, and attorney's fees in the amount of $317,060 was inaccurate. The trial court looked to the standard expressed in Pa.R.C.P. 2959(e) and found that such assertions, alone, would not enable Appellant to carry his burden of presenting a meritorious defense supported by sufficient evidence to require submission of the case to a jury.

Specifically, the court found dispositive the lack of an evidentiary record consisting of deposition testimony, documents, and other evidence that one reasonably would expect was readily available to Appellant, particularly since Appellee's Complaint in confessed judgment had been filed over seven months earlier and her Answer to Appellant's Petition filed more than three months earlier. Appellant's failure to so much as refer generally to the existence of such evidence in his Memorandum of Law opposing Appellee's notice of intent to seek dismissal, let alone describe it with specificity or attach it through exhibits, prompted the court to conclude that the petition lacked requisite "clear, direct, precise, and believable evidence." According to the trial court, it was Appellant's inexcusable "fail[ure] to make a record before requesting the [trial court] to rule on his Petition" that prevented him from presenting a "legally sufficient basis to open or strike the confessed judgment in this case." Trial Court Opinion at 6, 7.

The trial court's frustration with both Appellant's decision to forego substantiating with documentary evidence his many assertions of belief that he made various payments despite Appellee's averments otherwise and his

indolent manner of contesting Appellee's notice of intent to seek dismissal is both understandable and appropriate. Nevertheless, we are constrained to find that Appellant's one direct, unqualified, and unequivocal factual assertion made in his verified Petition, namely, that Appellee's computations are incorrect because they fail to account for his overpayment of interest for 11 years, was sufficiently specific to create an issue of material fact when viewed in a light most favorable to him at this early stage in the proceedings. *See Neducin*, 121 A.3d at 506 (holding factual averments raised in a petition to open must be viewed "in a light most favorable to the moving party while rejecting contrary evidence of the non-moving party").[2]

In reaching this conclusion, we acknowledge jurisprudence recognizing that to prevail on a petition to open judgment the petitioner must present, *inter alia*, a meritorious defense supported by "clear, direct, precise and believable evidence." *See Stahl Oil Co. v. Helsel*, 860 A.2d 508, 512 (Pa. Super. 2004). However, our review of such jurisprudence reveals that decisions, such as *Stahl*, that have applied this evidentiary standard to uphold an order denying a petition to strike and/or open involved procedural histories in which there had been the occurrence or offer of an evidentiary hearing, oral

---

[2] As permitted under Rule 2059(e), the trial court elected to decide the present matter on petition and answer without the benefit of an evidentiary hearing, oral argument, or discovery, but under such a limited record, and given the facts as discussed, we find the trial court was required to view Appellant's factual assertion in a light most favorable to him.

argument, or discovery, *prior to* the trial court rendering a conclusion regarding the quality of a petition's averments.

Here, in contrast, there was no offer of an evidentiary hearing, oral argument, or discovery prior to the trial court's determination that Appellant failed to present clear, direct, precise, and believable evidence. For this reason, coupled with requirement that the trial court view in a light most favorable to Appellant his verified Petition's assertion that he overpaid interest for 11 years, we conclude that the record sufficed to warrant oral argument or an evidentiary hearing on this one issue of material fact.[3]

Therefore, to the extent the trial court denied Appellant's Petition to Open and/or Strike on the finding that the Petition failed to plead a fact that could meet a petitioner's burden under Rule 2959(e) and related evidentiary standards, described *supra*, it erred. Nevertheless, we cannot vacate the trial court's order and remand for an evidentiary hearing or similar proceeding if we determine in the second issue that the trial court appropriately relied on BCLR 208.3(b) to effectively grant the motion to dismiss Appellant's Petition to Open/Strike for Appellant's failure to timely praecipe the Petition.[4]

_____

[3] Despite our determination in this regard, we do not embrace Appellant's argument that the opportunity to develop a factual record had not occurred prior to the trial court's ruling. Appellant was free to attach exhibits of business records to his filing, and, after Appellee filed her Answer to his Petition to Open/Strike, he was permitted under Pa.R.C.P. 206.7(c) to take depositions on disputed issues of material fact.

*(Footnote Continued Next Page)*

Turning to Appellant's second issue, therefore, we observe that on February 8, 2022, after over three months of inactivity on the docket, Appellee filed notice pursuant to BCLR 208.3(b)(5)[5] of her intent to seek dismissal of Appellant's Petition to Open/Strike if he did not praecipe his Petition within ten days in accordance with the Rule. Appellant timely filed a praecipe on February 15, 2022, but the Prothonotary notified him on February 17, 2022, that his filing was deficient because it lacked a requisite supporting brief as required under BCLR 208.3(b)(2)(ii).[6]

---

[4] As explained by the trial court, because it deemed untimely Appellant's March 2, 2022, Praecipe, it applied Pa.R.C.P. 206.7(c) and BCLR 208.3(b)(3) to treat all of Appellee's properly pleaded facts, including the amount owing under the Notes, as admitted by Appellant pursuant to Pa.R.C.P. 206.7(c) and BCLR 208.3(b)(3).

[5] Bucks County Local Rule 208.3(b)(5) provides:

> Subject to the requirements of Pa.R.C.P. No. 206.7, any other party may by praecipe forward a matter to the Court for dismissal of the application at issue when the party who submitted it does not comply with the provisions of subsection (2) of this rule. Written notice of the intent to file under this subsection shall be given to the party whose application is at issue at least ten days prior to such submission, during which period of time the non-complying party shall have the opportunity to come into compliance with the requirements of subsection (2). An affidavit of service of such notice shall accompany the praecipe filed under this subsection. A proposed form of order shall also accompany the praecipe. For the purpose of Pa.R.C.P. No. 206.7, a party initiating action under this subsection shall be considered the petitioner.

BCLR 208.3(b)(5).

[6] BCLR 208.3(b)(2) provides that upon the filing of a praecipe pursuant to BCLR 208.3(b), one must also file a (i) proposed order, (ii) brief, and (iii) certificate of service. *See* BCLR 208.3(b)(2)(i), (ii), and (iii).

Appellant did not file a substantively compliant praecipe until March 2, 2022, which was 22 days after Appellee's February 8, 2022, notice of intent to dismiss and, thus, 12 days after the expiration of the 10-day filing deadline. Earlier that same day, Appellee already had filed with the trial court a motion to dismiss based on Appellant's failure to file a timely praecipe within 10 days of her notice of intent to dismiss. Appellee followed that with a May 11, 2022, Response to Appellant's untimely filed praecipe and brief. Finally, on May 31, 2022, the trial court entered its Order of May 31, 2022, denying Appellant's Petition to Open/Strike.

Herein, Appellant argues that dismissal of his Petition was patently unfair and violative of Pa.R.C.P. 126, which he describes as the "codification of an overarching concept of fairness." Rule 126 provides:

> **Rule 126**. Liberal Construction and Application of Rules
>
> The rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable. The court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties.

Pa.R.C.P. 126.

Appellant insists that he made a "documented effort" to comply with BCLR 208.3(b)(2) by timely docketing a Praecipe for Determination requesting oral argument. He admits, however, that "for whatever reason, counsel for Appellant did not include a Brief and Certificate of Service with that praecipe, but that oversight was corrected on March 2, 2022, with the filing of a Brief

and Certificate of Service." Brief for Appellant at 13. Appellant argues, additionally, that there is no indication that Appellee suffered prejudice by his belated filing. Accordingly, he deems the trial court's dismissal of his Petition unduly harsh, and inconsistent with the equitable principles of fairness inherent in Rule 126.

To this end, Appellant offers the following quote from the Pennsylvania Supreme Court decision in **Womer v. Hilliker**, 908 A.2d 269 (Pa. 2006), a case involving a party's failure to comply with procedural rules:

> [W]e have always understood that procedural rules are not ends in themselves, and that the rigid application of our rules does not always serve the interests of fairness and justice. It is for this reason that we adopted Rule 126, which provides in pertinent part that "[t]he court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties." Pa.R.C.P. 126. With this language, we incorporated equitable considerations in the form of a doctrine of substantial compliance into Rule 126, giving the trial courts the latitude to overlook any "*procedural* defect" that does not prejudice a party's rights. Thus, while we look for full compliance with the terms of our rules, we provide a limited exception under Rule 126 to those who commit a misstep when attempting to do what any particular rule requires.

**Womer**, 908 A.2d at 276.

In **Womer**, the plaintiff failed to file timely a certificate of merit ("COM") choosing instead to serve discovery upon the defendant which included an expert report setting forth the information that a COM would have provided. **Id.** at 278. Our Supreme Court concluded that "this was no procedural misstep within the meaning of [Rule 126]. It was[,] instead, a wholesale

failure to take any of the actions required to comply with [Rule] 1042.3." ***Id.*** at 270-71.

The Court noted that the equitable doctrine it incorporated into Rule 126 is one of substantial compliance. Therefore, it "reiterate[d] … [that] Rule 126 is available to a party who makes a substantial attempt to conform, and not to a party who disregards the terms of a rule in their entirety and determines for himself the steps he can take to satisfy the procedure that [the Court] has adopted to enhance the functioning of trial courts. ***Id.*** at 278.

After careful review of the record before us, we cannot conclude that Appellant was in "substantial compliance" with BCLR 208.3(b) as that term is contemplated in Rule 126. His noncompliant filing of a responsive praecipe did not consist of a mere inadvertent mistake or oversight by counsel, it involved the complete omission of the most central requirement to a BCLR 208.3(b) filing, the Memorandum of Law setting forth the party's legal argument as to why his Petition should not be dismissed as requested by the opposing party.

Appellant herein contends that his response was in substantial compliance with the local rule despite his failure to include a requisite Memorandum of Law, but the lack of a legal brief supporting his responsive praecipe cannot be considered a minor omission, particularly where Appellee's notice sought dismissal not only due to the over three months' inactivity on the docket but also because Appellee's Answer to Appellant's Petition already had called into serious question the substantive integrity of the Petition, which

contained mostly vague and nonspecific assertions unsupported by any documentary evidence. Finally, Appellant took an additional 13 days to file a subsequent brief, which placed him well beyond the 10-day filing period of the governing local rule.

Under these facts and circumstances, we decline to hold that the trial court abused its discretion by denying Appellant's Petition to Open/Strike the confessed judgment based on Appellant's failure to timely file a compliant responsive praecipe to Appellee's notice of her intent to seek dismissal of his Petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/23/2023